Jezebel F. HENNIG, Plaintiff,

v.

John W. GARDNER, Secretary of Health, Education and Welfare, Defendant.

Civ. A. No. 3–1839.

United States District Court
N. D. Texas,
Dallas Division.

Nov. 14, 1967.

Mark Delk, Dallas, Tex., for plaintiff.

Melvin M. Diggs, U. S. Atty., Martha Joe Stroud, Asst. U. S. Atty., Dallas, Tex., for defendant.

## OPINION

WILLIAM M. TAYLOR, District Judge.

This is a review of a final decision of the Secretary of Health, Education, and Welfare denying disability insurance benefits to the claimant, Jezebel F. Hennig. 42 U.S.C.A. §§ 405(g), 423. For the reasons hereafter stated, the decision of the Secretary is reversed and the proceeding is remanded for rehearing.

Mrs. Hennig filed her application for disability insurance benefits on November 6, 1964, stating that due to "heart trouble and arthritis" she had been unable to do any substantial work since June 30, 1963. On November 20, 1964, she changed the date of her initial disability to December, 1961. The Social Security Administration denied her application and she requested a hearing. The hearing examiner heard testimony from Mrs. Hennig and a friend of hers, and considered her medical records in arriving at the decision that she was not entitled to the insurance benefits. The Secretary, on appeal from the examiner's ruling, affirmed his decision.

The hearing examiner found that the last day on which Mrs. Hennig met the special coverage requirements for disability benefits was June 30, 1963. 42 U.S.C.A. § 416(i). Any disability insurance to which she was entitled would therefore pertain to a period commencing on or before that date.

Based on the evidence adduced at the hearing, the examiner found that Mrs. Hennig was a 54 year old woman with a ninth grade education. She worked for one year picking turkeys, 2 years as a sewing machine operator in a bag factory, and 15 years as a power sewing machine operator in the garment industry. In 1958, she quit work to marry Mr. Hennig and has done no work since that time.

In 1961, Mrs. Hennig consulted a physician in regard to her health. Dr. Hugh F. Kohler diagnosed her ailments as "early congestive heart failure and chronic joint pain." He prescribed medicinal relief and told her "never to be without her medicine." She has continued to this time to take that medicine. In March, 1964, Mrs. Hennig went to a Dr. John Stack. She was treated by Dr. Stack from March until November, 1964, for, among other things, "arthritis, osteoid type, of hips and lumbar spine." She was told by one of these physicians "not to go shopping, to do no lifting, and not to do anything at all that [she did] not have to do." The record is not clear as to who told her this or when she was so instructed.

Testifying on her own behalf, Mrs. Hennig said of her arthritis, "Well, at times I just can't get down or up. I can't hardly move my legs. In my right shoulder and my right knee, and in the lower part of my back."

Eloise Wherry, a neighbor of the claimant, testified that Mrs. Hennig could not walk more than a half block without getting out of breath; that she can hardly stand up or sit down because her back bothers her; that she can do no ironing; and that her legs and feet swell up so that it is difficult for her to walk.

On appeal from the examiner's decision, the Secretary considered two items of evidence which were not before the examiner. The first of these was a report by Dr. Stack, dated July 25, 1966, in which he stated that the claimant suffered from arthritis of the hip joints, lumbar spine, limbs and chest wall and further from emphysema. Due to these infirmities Mrs. Hennig was, in the opinion of Dr. Stack, prevented from

"engaging in substantial gainful employment." The second item of evidence was a report from a Dr. Joy Robertson, a medical consultant for the Social Security Administration, which reflects that on December 4, 1964, the claimant, according to Dr. Robertson, had "full weight bearing capacity and normal range of motion of both hips and lumbar spine.[1]

In concluding that the claimant was not entitled to disability insurance the Secretary stated,

> From the evidence as presently documented, there is no record of treatment from December, 1961 to March, 1964. During this period, which covers the time through June 30, 1963, the evidence fails to establish any impairment which would have prevented the claimant from performing her usual work as a sewing machine operator.

It is apparent from the Secretary's decision, as well as the hearing examiner's, that the denial of the insurance benefits to the claimant was predicated on two grounds: (1) the lack of medical evidence from December, 1961 to March, 1964 to substantiate her contentions, and (2) the inability of Mrs. Hennig to satisfy her statutory burden of proof.

The elements of proof in a 42 U.S.C.A. § 423 proceeding are (1) the objective medical facts; (2) the diagnoses of these facts; (3) the subjective evidence of pain and disability testified to by the claimant and corroborated by others; and (4) the claimant's educational background. Underwood v. Ribicoff, 4 Cir., 1962, 293 F.2d 850. The medical evidence is uncontradicted that the claimant suffered from chronic joint pain in December, 1961, that she was receiving continuing treatment for this condition in March, 1964, and that in July, 1966, she was, in the opinion of one doctor, unable to engage in substantial gainful employment because of this impairment. This evidence reflects, at the very least, a worsening condition. The fact that no physician stated before 1966 that Mrs. Hennig was unable to accept gainful substantial employment does not support the proposition that she was in fact able to do so before that time. Butler v. Flemming, 5 Cir., 1961, 288 F. 2d 591. And while no prognosis was made as to claimant's spine condition in 1961 from which the examiner could infer facts one way or the other, Dr. Stack was apparently available to give his opinion as to the history of Mrs. Hennig's arthritis and to discern at which time the affliction could have been deemed disabling.

Not only was Mrs. Hennig inept in presenting her medical evidence, she did little to express her subjective feelings to the examiner. At the outset of the hearing, the examiner gave her careful instructions on how to answer his questions so that she would not interrupt him. At the conclusion of his questioning of Mrs. Hennig, during which time he asked relatively few questions concerning her arthritic condition, the examiner asked her if she had anything to add and she stated, "No, I reckon not." It is in this light that the examiner and the Secretary held that Mrs. Hennig had not satisfied her burden of proof.

Administrative hearings under the Social Security Act are not adversary proceedings. Ihnen v. Celebrezze, D.S.D., 1963, 223 F.Supp. 157; Blanscet v. Ribicoff, W.D.Ark., 1962, 201 F.Supp. 257, and representation by counsel is not a requisite to insure ultimate fairness in the proceedings. However, in administrative proceedings in which rights and privileges are in issue and the guiding hand of counsel is not present to advocate their existence, a duty devolves on the hearing examiner to scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts surrounding the alleged claim of right or

---

1. This report also states that Dr. Stack remarked that on Mrs. Hennig's first visit to see him in March, 1964, he could detect no clinical signs of congestive heart failure. This remark is substantiated by Dr. Stack's report submitted to the hearing examiner.

privilege. The hearing examiner is entrusted with a broad discretion in the conduct of the administrative hearing and a failure of the hearing to produce a full airing of the facts in issue may well be attributed to an abuse of that discretion.

As stated by Judge Brown in Butler v. Flemming, supra, "satisfaction of the claimant's statutory obligation is to be judged in a practical way." 288 F.2d at 595. Most certainly, one of the overriding practical considerations in this judgment is the ability of the claimant to present his case to the examiner. Some individuals do not possess the gift of self-expression and persuasion. Nervous tension, fear and anxiety are only some of the attending circumstances which may concur to render a claimant's presentation of his cause inept.

In the instant case, Mrs. Hennig is seen to be a middle-aged woman with a ninth grade education. Her husband is a construction-laborer. She spent the greater part of her working years as a sewing machine operator and possessed no talents other than sewing. The record amply reflects her inability to present both herself and her cause. As a result, the evidence is nebulous and incomplete as to the period between December, 1961 and March, 1964. More comprehensive medical evidence was available to the examiner; he has the power to issue subpoenas. Mrs. Hennig should have been questioned more thoroughly by the examiner concerning her arthritic condition, thereby more fully portraying the facts of her contentions.

For these reasons the failure of the examiner to adequately explore the facts surrounding Mrs. Hennig's claim was an abuse of his discretion. The examiner, although an employee of the federal government, does not hold a position of partisanship. If the facts which would entitle the claimant to relief are ascertainable, the examiner has a duty to seek them out, notwithstanding the claimant's failure on his own initiative to do so; the interests of justice so require.

The decision of the Secretary is reversed and the cause is remanded to the examiner for further proceedings not inconsistent with this opinion.