Felicita SILVA, Plaintiff,

v.

Patricia Roberts HARRIS, Secretary of
Health, Education, and
Welfare, Defendant.

No. 79 Civ. 0648.

United States District Court,
S. D. New York.

Nov. 26, 1979.

Community Law Offices, Steven B. Peri,
New York City (of counsel), for plaintiff.

Robert B. Fiske, Jr., U. S. Atty., New
York City, S. D. New York, Richard N.
Papper, Asst. U. S. Atty., Frank V. Smith,
III, Acting Regional Atty., Region II, New
York City, Department of Health, Ed. and
Welfare (of counsel), for defendant.

## MEMORANDUM OPINION

MOTLEY, District Judge.

This is an action brought by plaintiff
Felicita Silva pursuant to Section 205(g) of
the Social Security Act (the Act), 42 U.S.C.
§ 405(g), for judicial review of a final deci-
sion of the Secretary of Health, Education
and Welfare denying her application for
disability benefits under Sections 216(i) and
223 of the Act, 42 U.S.C. §§ 416(i), 423.

Plaintiff has moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, or in the alternative for a remand in this action. Defendant has moved for judgment on the pleadings pursuant to Rule 12(c). This court concludes that in light of the facts in this case, the interests of justice are best served by a remand to the administrative law judge for a further hearing on her claim.

On May 12, 1977, plaintiff filed an application for disability insurance benefits under the Act. The Social Security Administration denied her claim both initially and upon reconsideration. At plaintiff's request a hearing was held on June 21, 1978, before an administrative law judge (ALJ). Plaintiff appeared at the hearing but was not represented by counsel. She was provided with an interpreter. The ALJ, in a decision dated June 29, 1978, found that the medical evidence did not establish that plaintiff's condition could be considered "disabling" within the meaning of the Act. The decision of the ALJ became the final decision of the Secretary when it was approved by the Appeals Council on August 18, 1978.

The record reveals that plaintiff was born on February 2, 1927, in San German, Puerto Rico. She spent approximately nine months in formal schooling, which she received as an adult. Her native tongue is Spanish which she can read and write "a little bit." She has some knowledge of the English language.

From approximately 1951 until 1970 she worked at various jobs, primarily as an assembler of costume jewelry. In September 1972 until October 1973, she worked in a factory that manufactured medicine. Since that time she has worked sporadically, usually for no more than a month or two at a time.

There is evidence that plaintiff has been afflicted with or now suffers from ulcers, a deviated septum, diabetes, hypertension, arthritis, and back pains. She also has mental problems which were described by one doctor as "neurosis, mixed type, anxiety and depression" for which he suggested outpatient psychological care.

The legal principles to be applied by this court in a case such as this were reviewed by the Second Circuit in *Cutler v. Weinberger*, 516 F.2d 1282, 1285 (2d Cir. 1975):

> The general rule is that this court must sustain a final decision by the Secretary if it is supported by "substantial evidence" on the record as a whole. . . . Although an examination of the record reveals that the Secretary's determination is at least technically supported by substantial evidence, this Circuit has observed that the Social Security Act is remedial or beneficent in purpose, and, therefore, to be "broadly construed and liberally applied." . . . Consistent with this view of the Act, courts have not hesitated to remand for the taking of additional evidence, on good cause shown, where relevant, probative, and available evidence was either not before the Secretary or was not explicitly weighed and considered by him, although such consideration was necessary to a just determination of a claimant's application.

In *Cutler*, as in the case at hand, the record failed "clearly to indicate that the Secretary gave proper consideration to the effect upon her of the coexistent combination of illnesses from which she claimed to suffer." *Id.*

It is well-established that in a case, such as that before the court, "in which the claimant is handicapped by lack of counsel, ill health, and inability to speak English well, the courts have a duty to make a 'searching investigation' of the record." *Gold v. Secretary of Health, Education and Welfare*, 463 F.2d 38, 43 (2d Cir. 1972). Of particular importance is the fact that plaintiff was not represented by counsel at the hearing before the administrative law judge. Where a claimant is unassisted by counsel, the administrative law judge has a duty " 'to scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts surrounding the alleged right or privilege.' " *Id.* at 43 (quoting *Hennig v. Gardner*, 276 F.Supp. 622, 624–25

(N.D.Tex.1967)). In the case at hand, while plaintiff received the standard notice stating that she could be represented by counsel, the ALJ did not suggest when she appeared alone that she obtain legal aid. *See id.* The only reference to plaintiff's decision to proceed without counsel occurred when the ALJ stated: "now, when you testify you'll be sworn. I will ask you questions and particularly since you're appearing without a lawyer, I will help you in every way that I can to bring out the facts that have a bearing on this case."

Given the record of plaintiff's subjective complaints of a variety of ailments, as well as the limited educational background of plaintiff, "it was incumbent upon the administrative law judge to emphasize the desirability of producing, and to afford an opportunity to produce expert testimony, as to her medical disabilities and their effect on her capacity to engage in any substantial, gainful work within the meaning of the Act." *Cutler v. Weinberger, supra,* 516 F.2d at 1286. The absence of any such testimony concerning the effect of the co-existent combination of plaintiff's ailments, for example, may well have led the ALJ to place undue emphasis on the "mild" nature of each ailment independently. "A physical or mental impairment 'does not cease to exist merely because it is difficult of proof.' " *Id.* at 1287 (quoting *Celebrezze v. Warren,* 339 F.2d 833 (10th Cir. 1964)).

Because of the combination of these circumstances, the case is hereby remanded to the administrative law judge for a further hearing on plaintiff's claim. Plaintiff shall be given an opportunity to produce expert medical testimony regarding her disabilities, testimony as to the cumulative effect of these disabilities upon her, and evidence as to occupational opportunities open to a person of plaintiff's age, education, and skills in light of her physical impairments.

Defendant's motion for judgment on the pleadings is denied. Plaintiff's motion for summary judgment is denied, but plaintiff's motion for a remand is granted.

So ordered.