**Maria B. Torres ROSADO, Plaintiff,**

v.

**Elliot L. RICHARDSON, Secretary of Health, Education and Welfare, Defendant.**

**Civ. No. 535-72.**

United States District Court,
D. Puerto Rico.

Aug. 7, 1973.

Edgardo Marquez Lizardi, Caguas, P. R., for plaintiff.

Julio Morales-Sanchez, U. S. Atty., San Juan, P. R., for defendant.

## ORDER

TOLEDO, Chief Judge.

This action is brought to us under Section 205(g) of the Social Security Act (hereinafter the Act), Title 42, United States Code, Section 405(g), to determine whether the Secretary's decision denying this plaintiff disability benefits under the Act is supported by substantial medical evidence in the record.

The plaintiff is a 34 year old woman who alleges inability to work as of 1962 due to Parkinson's disease (Tr. 37). She met the insured status requirement prescribed in the Act on September 30, 1967 (Tr. 19), Title 42, United States Code, Section 416(i).

There is scant medical evidence taken on or before this date, although several recent diagnoses have been made indicating that this plaintiff is severely handicapped. Dr. Hector J. Cases reports in 1971 that she needs immediate therapy (Tr. 86). He does not indicate what he feels the result of such therapy will be or whether such therapy will permit realization by this plaintiff of substantial gainful activity. Title 42, United States Code, Section 423. Dr. Diaz Rivera puts this plaintiff's case more strongly. He states she suffers from Parkinson's disease, she is very seriously ill and that her capacity to do work is "nil" (Tr. 84).

Nevertheless, as these medical reports were rendered after this woman last met the insured status requirement, the hearing examiner had the vocational expert testify whether this woman could work based on medical reports made while she was still insured. None of these reports mention the presence of Parkinson's disease (Tr. 6, 80–82). But Dr. Diaz Rivera states in 1971 that this patient's present condition has existed for the past 10 years, and indicates in his report that perhaps the tremors of the hand reported then was wrongly identified as nervousness (Tr. 83).

The vocational expert testified at the hearing that if in fact this plaintiff has been suffering from Parkinson's disease since 1962, then "she was unable to work" since that time (Tr. 50).

The hearing examiner quickly points out that the mere existence of a disease does not necessarily mean that it is severe enough to establish a disability under the Act (Tr. 50), Matías Rivera v. Gardner (D.C.P.R.1968), 286 F.Supp. 305. But in his decision, he states that the fact that this plaintiff completed a secretarial course in 1968–69 shows her incapacity was not of disabling proportions.

We would rather have such a determination of lack of incapacity rest on medical evidence instead of a deduction based on activity this plaintiff has in fact realized. Put more strongly the ultimate decision regarding a claimant's ability to do work depends on medical reports. Title 42, United States Code, Section 423(d)(3).

We recognize that a claimant has the burden of coming forth with medical evidence showing disability. Hernández v. Secretary of Health, Education and Welfare (D.C.P.R.1972), 336 F.Supp. 1077. Looking at this case strictly, this plaintiff did not meet her burden as very little medical evidence has been introduced pertaining to her insured status period which shows a disability. What little evidence does per-

tain to that period is hard to read, and we question whether the Secretary might not have been able to secure more legible copies.

■ But the Social Security Act was designed as remedial legislation designed to include rather than exclude those persons worthy of relief under its provisions. Zeno v. Secretary of Health, Education and Welfare (D.C.P.R.1970), 331 F.Supp. 1095. And when a claimant is unassisted by counsel at the hearing, as happened in this case, this Court expects the hearing examiner to explore all aspects of the case before rendering a decision. Leon v. Secretary of Health, Education and Welfare (D.C.P.R.1972), 337 F.Supp. 905.

■ Admittedly, there is very little medical evidence in the record pointing to a disability before 1967 when this plaintiff last met her insured status requirement. But recent medical reports indicate the incipient stages of Parkinson's disease may have been misdiagnosed as "nervousness and coarse tremor" (Tr. 82).

Under the circumstances, it would be more in keeping with the purposes of the Act if this case were remanded to the Secretary so that a medical determination can be made, if possible, showing whether this plaintiff's present condition can be related back to 1967 when she met the insured status requirement. If the Parkinson's disease is, on the basis of medical evidence, related back to this period the Secretary should make, if possible, an additional finding, based on medical evidence as to the probable degree of disability at that time so that a determination regarding this plaintiff's ability to engage in substantial gainful activity before 1967 can be properly made. Gumersinda Román v. Secretary of Health, Education and Welfare, 355 F.Supp. 646, decided November 15, 1972.

In view of the foregoing, this case is remanded to the Secretary for proceedings consistent with what is herein stated.

It is so ordered.