Jessie Lee **SMITH, Plaintiff-Appellant,**

v.

**SECRETARY OF HEALTH, EDUCATION AND WELFARE, Defendant-Appellee.**

No. 77–1977.

United States Court of Appeals, Seventh Circuit.

Argued Feb. 13, 1978.

Decided March 31, 1978.*

---

* This appeal was originally decided by unreported order on March 31, 1978. See Circuit Rule

35. The court has subsequently decided to issue the decision as an opinion.

Thomas C. Doehrman, Indianapolis, Ind., for plaintiff-appellant.

Alan S. Dorn, D. H. E. W., Chicago, Ill., for defendant-appellee.

Before FAIRCHILD, Chief Judge, TONE, Circuit Judge, and SHARP, District Judge.**

PER CURIAM.

By a final administrative decision the Secretary of Health, Education and Welfare denied social security disability benefits to the plaintiff-appellant, Jessie Lee Smith, which administrative decision was affirmed by the District Court and from which this appeal is made.

We examine the total record here in light of the standard of review announced in

*Jeralds v. Richardson,* 445 F.2d 36 (7th Cir. 1971), and *Richardson v. Perales,* 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971).

With all deference to the District Court we have concluded that the total record here fails to demonstrate a full and fair hearing before the Secretary and that this case should be remanded to the Secretary with the mandate to conduct a full administrative hearing and to afford plaintiff-appellant and her counsel opportunity to fully develop the issues discussed here. We are also mindful that any one of the several issues raised and discussed here, standing alone, might not be grounds to remand. However, taken together, we have determined that fairness and justice do require such a remand.

We turn now to the specific reasons for our decision.

I

The plaintiff-appellant is a 61 year old former laundry worker who has not been gainfully employed since September 9, 1968. On that date she was hospitalized after passing out from a severe asthma attack. At the time of her administrative hearing on July 5, 1973 she was receiving $80.00 per month welfare disability benefits, some food stamps and township poor relief.

It is undisputed that this plaintiff-appellant is of very limited education and has spent her entire worklife doing menial physical labor. In her youth she worked as a tobacco stripper in Kentucky. She later cooked in a boarding house in Kentucky and in a restaurant in Indianapolis. For about 20 years she did manual labor in two laundries.

At her hearing the Administrative Law Judge (ALJ) made a minimal explanation of her right to counsel. It is also apparent from the record that she did not understand the role that a lawyer would play in that proceeding.

** District Judge Allen Sharp of the United States District Court for the Northern District of Indiana is sitting by designation.

■ We are mindful that there is no constitutional right to counsel and the Secretary has no duty to urge counsel upon a claimant. Where, as here, the record discloses possible mental illness coupled with a misconception as to the role of a lawyer, the ALJ should have, at the very least, explained these interrelated subjects in greater detail and with greater care. This failure provides the backdrop for further deficiencies in the record. The mere failure of a disability claimant to be represented by a lawyer at a hearing is not in itself sufficient to warrant reversal on remand. See *Truss v. Richardson,* 338 F.Supp. 741 (D.C. Mich.1971). However, the importance of counsel in administrative procedures has been emphasized. See *Goldberg v. Kelly,* 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970). Courts have also reversed and remanded cases involving absence of counsel where other factors were present. See *Gold v. HEW,* 463 F.2d 38 (2d Cir. 1972); *Webb v. Finch,* 431 F.2d 1179 (6th Cir. 1970); *Alamo v. Richardson,* 355 F.Supp. 314 (D.C.P.R.1972); and *Roman v. Secretary, HEW,* 355 F.Supp. 646 (D.C.P.R.1972). The quality of representation may also be the basis for remand. *Arms v. Gardner,* 353 F.2d 197 (6th Cir. 1965), and *Kelley v. Weinberger,* 391 F.Supp. 1337 (N.D.Ind.1974). Recent legal literature analyze the various elements of the concern for the unrepresented claimant. See Popkin, *The Effect of Representation in Nonadversary Proceedings—A Study of Three Disability Programs,* 62 Corn.L.Rev. 989 (1977).

■ It is a basic obligation of the ALJ to develop a full and fair record. See *Daniels v. Mathews,* 567 F.2d 845 (8th Cir. 1977). Failure to do so will authorize remand for further hearing. In *Cutler v. Weinberger,* 516 F.2d 1282, 1286 (2d Cir. 1975), it is stated:

> "Moreover, it is significant that Mrs. Cutler was not represented by counsel at the hearing before the administrative law judge. While hearings on disability claims are not adversary proceedings, *Richardson v. Perales,* 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971), where

the disability benefits claimant is unassisted by counsel, the administrative law judge has a duty ' "scrupulously and conscientiously [to] probe into, inquire of, and explore for all the relevant facts. . . ." ' *Gold v. Secretary of Health, Education and Welfare,* supra, 463 F.2d at 43, quoting from *Hennig v. Gardner,* 276 F.Supp. 622, 624–625 (N.D.Tex.1967). See also *Rosado v. Richardson,* 372 F.Supp. 469 (D. Puerto Rico 1973); *Erwin v. Secretary of Health, Education and Welfare,* 312 F.Supp. 179 (D. New Jersey 1970); *Coyle v. Gardner,* 298 F.Supp. 609 (D. Hawaii 1969). That duty was not met here. Given the illegibility of the medical records; the corroboration of Mrs. Cutler's subjective complaints of pain, weakness, dizziness and unsteadiness in a written report by a former employer; and the limited educational background of the claimant, it was incumbent upon the administrative law judge to emphasize the desirability of producing, and to afford an opportunity to produce expert testimony, as to her medical disabilities and their effect on her capacity to engage in any substantial, gainful work within the meaning of the Act. See, e. g. *Carrero v. United States Secretary of Health, Education and Welfare,* 372 F.Supp. 474 (D. Puerto Rico 1973); *Machen v. Gardner,* D.C., 319 F.Supp. 1243, supra; *Staskel v. Gardner,* 274 F.Supp. 861 (E.D.Pa.1967); *Roberts v. Celebrezze,* 239 F.Supp. 262 (E.D.N.Y.1965). Cf. *Gold v. Secretary of Health, Education and Welfare,* supra, at 42, n. 7."

■ In this case, Mrs. Smith was not represented by counsel at the hearing before the ALJ. While hearings on disability claims are not adversary proceedings, *Richardson, supra,* where the disability benefits claimant is unassisted by counsel, the ALJ has a duty " 'scrupulously and conscientiously [to] probe into, inquire of, and explore for all the relevant facts . . .' " *Gold v. Secretary of Health, Education and Welfare, supra,* at 43, quoting from *Hennig v. Gardner,* 276 F.Supp. 622, 624–625 (N.D. Tex.1967). See also *Rosado v. Richardson,* 372 F.Supp. 469 (D. Puerto Rico 1973); *Er-*

win v. Secretary of Health, Education and Welfare, 312 F.Supp. 179 (D. New Jersey 1970); Coyle v. Gardner, 298 F.Supp. 609 (D. Hawaii 1969). The duty of counsel, set out under Gold was not met here. Given the claimant's lack of counsel, the absence of any psychiatric or psychological examination, her physical condition, lack of vocational expert at the hearing, and the claimant's limited educational background, it was incumbent upon the ALJ to emphasize the desirability of producing, and to afford an opportunity to produce expert testimony, as to her medical disabilities and their effect on her capacity to engage in any substantial, gainful work within the meaning of the Act. See, e. g., Carrero v. United States Secretary of Health, Education and Welfare, 372 F.Supp. 474 (D. Puerto Rico 1973); Staskel v. Gardner, 274 F.Supp. 861 (E.D.Pa.1967); Roberts v. Celebrezze, 238 F.Supp. 262 (E.D.N.Y.1965).

## II

The record in this case is replete with undisputed evidence of the plaintiff-appellant's mental as well as physical breakdown. Even when all this is considered in the light most favorable to the Secretary, there is abundant good cause to remand to permit a psychiatric examination and to permit the development of the evidentiary record on this subject.

## III

Another deficiency is the very limited probing by the ALJ regarding the physical effort actually required by Jessie Lee Smith in her laundry work. It also appears that the ALJ ignored the undisputed part of the record that indicated such laundry work involved heavy lifting. Our examination of the record fails to disclose any basis for the ALJ's conclusion that she could return to this same work. In fact, all of the record leads to exactly the opposite conclusion. Counsel for the plaintiff-appellant would certainly have been able to establish a proper evidentiary record on this subject and should be given an opportunity to do so on remand.

Since the record leads to the conclusion that the claimant, Jessie Lee Smith, is unable to perform the kind of work in which she has been engaged, the burden then shifts to the Secretary to prove that there is available some other kind of "substantial, gainful employment" which the claimant would be able to perform. This principle of law has gained wide acceptance in the law. Stark v. Weinberger, 497 F.2d 1092 (7th Cir. 1974); Kerner v. Flemming, 283 F.2d 916 (2d Cir. 1960); DePaepe v. Richardson, 464 F.2d 92 (5th Cir. 1972); Hicks v. Gardner, 393 F.2d 299 (4th Cir. 1968); and Webb v. Weinberger, 371 F.Supp. 793 (N.D.Ind.1974). The mere theoretical ability to engage in substantial, gainful activity is insufficient to defeat an applicant's claim for disability benefits. Ber v. Celebrezze, 332 F.2d 293 (2d Cir. 1964).

## IV

In 1973 before the hearing in this case this claimant was determined to be disabled under Title XVI of the Social Security Act, 42 U.S.C. §§ 1351–55, under the grandfather clause of the Supplemental Security Income program. Thus she met the disability test of Ind.Ann.Stat. 52–1251a(a), IC 12–1–7–29 through 12–1–7–50, which establishes at least as strict a standard for disability as applied here. It could well be argued that the state standard is a stricter one. Under the Indiana law claimant had to establish that she was incapable of any substantial, gainful employment. For an analysis of the Indiana standard by an Indiana Court see Indiana Dept. of Public Welfare v. Devoux, 161 Ind.App. 40, 314 N.E.2d 79 (1974).

It is well recognized that the defendant Secretary is not bound by the determination of disability by another agency. Collier v. Richardson, 344 F.Supp. 768 (D.C. W.Va.1972). However, this claimant did have the right to present the state determination of disability to the ALJ and to argue for its consideration. Absent counsel for claimant the ALJ should have been more

careful and explicit on this subject. If the ALJ rejected such evidence then he would have dealt with this subject in an explicit fashion. *Gee v. Celebrezze,* 355 F.2d 849 (7th Cir. 1966); *Hicks v. Gardner,* 393 F.2d 299 (4th Cir. 1968); *Cutler v. Weinberger,* 516 F.2d 1282 (2d Cir. 1975).

The comment in *Cutler v. Weinberger,* 516 F.2d 1282, 1286 (2d Cir. 1975), has pointed application here:

> "While the determination of another governmental agency that a social security disability benefits claimant is disabled is not binding on the Secretary, it is entitled to some weight and should be considered. See *Robinson v. Richardson,* 360 F.Supp. 243, 249 (E.D.N.Y.1973); *Zimbalist v. Richardson,* 334 F.Supp. 1350, 1355 (E.D.N.Y.1971); *Pendergraph v. Celebrezze,* 255 F.Supp. 313, 321 (M.D.N.C. 1966)."

The principles announced by this Court in *Lonzollo v. Weinberger,* 534 F.2d 712 (7th Cir. 1976), and *Daniels v. Mathews,* 567 F.2d 845 (8th Cir. 1977), requires the remand of this case to give the Secretary an opportunity to consider and make findings on the subject of the state's separate determination of disability.

Again on this issue, even minimal advocacy would suggest arguing for the decision by the Secretary to be consistent with the state's separate determination of disability. On remand such will be possible.

On remand, the claimant must be given an opportunity to develop evidence relating to her total physical and mental problems, including obesity and mental illness, as the same may bear on the question of disability.

Therefore, the decision of the District Court is REVERSED and this case is REMANDED for proceedings consistent with this order.