**Levides DICKERSON, Plaintiff,**

**v.**

**Richard SCHWEIKER, Secretary of Department of Health and Human Services, Defendant.**

**No. 82 C 2791.**

United States District Court,
N.D. Illinois, E.D.

March 7, 1983.

Miriam N. Geraghty, Kinoy, Taren, Geraghty & Potter, Chicago, Ill., for plaintiff.

Dan K. Webb, U.S. Atty. by Joan Laser, Asst. U.S. Atty., Donna M. Weinstein, Regional Atty., Steven J. Plotkin, Asst. Regional Atty., Dept. of Health and Human Services, Chicago, Ill., for defendant.

### ORDER

BUA, District Judge.

This is an action to review a final decision of the Secretary of Health and Human Services (the "Secretary") denying plaintiff's application for disability insurance benefits and supplemental security income. *See* 42 U.S.C. § 416(i), § 423, § 1381 *et seq.* After a hearing held on July 8, 1981, the Administrative Law Judge ("ALJ") affirmed the initial administrative denial of plaintiff's applications. The Appeals Council summarily denied plaintiff's request for review of the ALJ's decision. Before the Court are the parties' cross-motions for summary judgment. The Court finds that

the ALJ failed to sufficiently develop the record so as to afford plaintiff a full and fair hearing. Accordingly, this matter must be remanded for further development of the record.

During the hearing before the ALJ, plaintiff appeared without counsel. There was no medical testimony nor was there testimony of a vocational expert. Other than plaintiff himself, plaintiff's mother was the only witness to testify. The only medical evidence consisted of certain hospital records and a telephone report from Dr. L.D. Friedman, plaintiff's doctor.

At the time of the hearing, plaintiff was a 49-year-old male with a ninth-grade education. He lived with his mother. He had worked as a laborer dipping metal parts into a plastic coating tank for 16 years. Plaintiff testified that he last worked in October, 1979, when he experienced fainting spells. Plaintiff was admitted to St. Anthony Hospital on November 15, 1979 for treatment. The records indicated a diagnosis of epilepsy (Grand Mal), atherosclerosis of the aorta and neuropathy of the right shoulder. Plaintiff testified that at the time of his hospitalization, Dr. Friedman had advised plaintiff not to work.

Plaintiff's mother testified that plaintiff had several operations on his head in the 1960s after having been beaten and robbed. The hospital records indicated that an X ray of plaintiff's skull revealed defects in the frontal region, probably from previous surgery.

Dr. Friedman's telephone report, dated June 23, 1980, indicated that plaintiff had epilepsy (Grand Mal), atherosclerosis of the aorta, and neuropathy of the right shoulder.

As to his physical condition at the time of the hearing, plaintiff testified that he frequently experienced dizzy spells and often lost consciousness. He suffered pain in his arms and right shoulder and was unable to lift anything. He was taking medications which caused him to be drowsy and dizzy. Since his hospitalization in November, 1979, he continued to see his doctor once or twice a month.

To comply with the basic requirements of fairness and procedural due process, the administrative record must represent a full and fair hearing of the claim for disability. *Richardson v. Perales,* 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1970); *Smith v. Secretary of HEW,* 587 F.2d 857 (7th Cir.1978); *Roy v. Secretary of Health and Human Services,* 512 F.Supp. 1245 (C.D.Ill.1981). The ALJ has the duty to investigate all matters in issue and to develop the comprehensive record required for a fair determination of disability. *Livingston v. Califano,* 614 F.2d 342 (3d Cir. 1980); *Roy v. Secretary of Health and Human Services,* 512 F.Supp. 1245 (C.D.Ill. 1981). Where the claimant, as here, is not represented by counsel, the ALJ's duty to develop the relevant facts is particularly clear. *Livingston v. Califano,* 614 F.2d 342 (3d Cir.1980); *Roy v. Secretary of Health and Human Services,* 512 F.Supp. 1245 (C.D.Ill.1981). Where the ALJ fails to sufficiently develop the record so as to afford plaintiff's claim a full and fair hearing, remand is proper. *Smith v. Secretary of HEW,* 587 F.2d 857 (7th Cir.1978).

Here, the ALJ failed to adequately develop the record before he made his decision. First, plaintiff testified that he frequently experienced dizzy spells and often lost consciousness. Yet the ALJ failed to sufficiently inquire about the nature, severity and frequency of these spells. Indeed, plaintiff's testimony regarding his spells consists of one page in the transcript. The ALJ's examination of plaintiff in this regard was inadequate.

Second, plaintiff testified that he continued to see his doctor. However, the only medical evidence from Dr. Friedman was a brief, year-old telephone report. During the hearing, the ALJ recognized the need for additional medical evidence and requested an updated medical report from Dr. Friedman. However, no such report was obtained. Under these circumstances, current medical evidence should have been obtained and reviewed before a decision was made.

Finally, plaintiff testified that he took various medications. The ALJ failed to elicit sufficient testimony regarding the side effects of the medication. Given plaintiff's epileptic condition, the ALJ should have inquired into this matter. The physical side effects of the medication are quite relevant to a determination of whether plaintiff is disabled.[1]

Accordingly, since the record does not represent a full and fair hearing of plaintiff's claim for disability, it is hereby ordered that this case be remanded to the Secretary for further development of the record and for the taking of additional evidence.

IT IS SO ORDERED.

---

1. Attached to plaintiff's memorandum is a report from Dr. Friedman dated September 29, 1982. This report indicates that the medication taken by plaintiff can cause lethargy and drowsiness.