**Domingo CHAPARRO, Plaintiff,**

v.

**Richard SCHWEIKER, Secretary of Health & Human Services, Defendant.**

**No. 82 C 4447.**

United States District Court, N.D. Illinois, E.D.

Oct. 23, 1983.

Joseph A. Antolin and Barbara Samuels, Legal Assistance Foundation, Chicago, Ill., for plaintiff.

Asst. U.S. Atty. Margaret C. Gordon, Chicago, Ill., for defendant.

## ORDER

GRADY, District Judge.

■ We remand this case to the Secretary because we find that the Administrative Law Judge ("ALJ") failed to develop a full and fair record. *Smith v. Secretary of Health, Education and Welfare,* 587 F.2d 857, 860 (7th Cir.1978). At the hearing, the ALJ told plaintiff's attorney that he would send plaintiff's doctor questions to determine why plaintiff was taking certain prescription medicines. R. 43. Plaintiff's attorney had wanted that information in the record to substantiate the claim that plaintiff suffered from disabling mental problems. The ALJ also stated, in response to plaintiff's attorney's request that the ALJ order a psychiatric evaluation of plaintiff, that he might order a consultative psychiatric examination depending on the answers he received from plaintiff's doctor. R. 45. However, the ALJ never sent the questions to plaintiff's doctor, and no consultative psychiatric examination was performed on plaintiff prior to the ALJ's denial of benefits.

■ Not only did the ALJ not develop a full and fair hearing record, the ALJ, in his decision, did not even allude to, much less address, plaintiff's contention that his disability could have been caused by mental problems. R. 16–19. The ALJ merely concluded that no objective evidence indicated that plaintiff suffered from a disabling *physical* problem. R. 18.

Further, we find that there was not "substantial evidence," *see* 42 U.S.C. § 405(g), in the record from which the ALJ *could* have found that plaintiff did not suffer from a disabling mental condition. One physician, Dr. Chen, found plaintiff's mental status "adequate," as opposed to "normal," during a physical examination. R.

145. Another physician, Dr. Feeney, circled "normal" in the space for "NEUROLOGICAL" (a category which included "mental status") on plaintiff's "INITIAL PHYSICAL EXAMINATION" form. R. 117. That is all of the medical evidence in the record which might have supported a finding, had the ALJ made one, that plaintiff did not have a disabling mental condition. The other doctors whose reports are part of the record made no conclusion at all about plaintiff's mental condition, and no doctor specifically examined plaintiff from a psychiatric, as opposed to a physical, perspective.

In contrast, the record does contain objective and subjective evidence from which it could be concluded that plaintiff suffered from a psychiatric disability. For one, the record indicates that plaintiff's doctor had prescribed Centrax; according to plaintiff's attorney, the Physician's Desk Reference says Centrax is used to manage anxiety disorders. R. 44. Also, although plaintiff complained of severe pain, no doctor who examined plaintiff had ever diagnosed a cause for pain of such severity; this could support a conclusion that plaintiff was mentally impaired. The record also indicated that plaintiff considered himself a nervous person, that noises in his head sometimes remained with him all night, and that he had an intolerance for sounds from the outside. R. 40.

We remand this case for a determination whether plaintiff's mental condition qualifies him for disability benefits. On remand, the Secretary should consider all relevant evidence of mental impairment, including the psychological examination plaintiff received at his own expense subsequent to the Secretary's decision in this case. If necessary, a consultative psychiatric examination should be ordered.