**Charles VANCE, Plaintiff,**

v.

**Margaret HECKLER, Secretary of Health and Human Services, Defendant.**

**No. 83 C 2559.**

United States District Court, N.D. Illinois, E.D.

Feb. 16, 1984.

Michael H. Rotman, Rotman, Medansky & Elovitz, Ltd., Chicago, Ill., for plaintiff.

Dan K. Webb, U.S. Atty. by Linda A. Wawzenski, Asst. U.S. Atty., Chicago, Ill., for defendant.

## MEMORANDUM ORDER

BUA, District Judge.

This action was brought by Charles Vance pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g) to review a final decision of the Secretary of the Department of Health and Human Services ("the Secretary") denying Vance disability insurance benefits. Before the Court are the parties' cross-motions for summary judgment. The issue for the Court is whether Vance knowingly and intelligently waived his right to be represented by counsel during the administrative hearing and, if not, whether Vance was prejudiced due to the lack of representation by counsel. For the reasons stated below, the Court finds that Vance was prejudiced due to lack of counsel, and the decision of the Secretary is reversed and remanded for

further consideration consistent with this opinion.

## Background

Charles Vance is a 55-year-old male with a sixth grade education. In July of 1981, Vance applied for the establishment of a period of disability under § 216(j) of the Social Security Act, and for disability insurance benefits, as provided by § 223 of the Act. Vance claimed that he was unable to work since April 7, 1981, due to emphysema and mental illness. The application was denied initially and again upon reconsideration by the Office of Disability Operations of the Social Security Administration. Vance and his wife then appeared before an Administrative Law Judge ("ALJ") who considered the case *de novo* and found that Vance was not disabled as defined under Section 223 of the Social Security Act, 42 U.S.C. § 423.[1] The ALJ's decision became the final decision of the Secretary when the Appeals Council approved that decision on February 15, 1983.

Vance brought this appeal claiming that he did not receive a full and fair hearing because he was discouraged from seeking counsel and was prejudiced by the lack of representation. Vance argues that the ALJ failed to meet his duty of developing a full and fair record, which is heightened when a claimant is not represented by counsel.

## Applicable Law

■ There is no constitutional right to counsel at a Social Security disability hearing. *Smith v. Secretary of HEW*, 587 F.2d 857, 860 (7th Cir.1978). There is a statutory right, however, to have counsel present at the hearing under Section 206 of the Social Security Act, 42 U.S.C.A. § 406. Also, the importance of counsel in administrative procedures has been emphasized by the Supreme Court. *Goldberg v. Kelly*, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970).

■ A claimant in a Social Security hearing must be informed of the statutory right to have an attorney present at the administrative hearing. *Smith v. Schweiker*, 677 F.2d 826, 828 (11th Cir.1982). The claimant, however, may waive this right if given sufficient information to enable him to intelligently decide whether to retain counsel or proceed *pro se*. *Id*. The information necessary to ensure an intelligent and knowing waiver of counsel includes an explanation of the valuable role that an attorney could play in the proceedings, the possibility of free counsel, and the limitations on attorneys' fees to 25 percent of any eventual awards. *Smith v. Schweiker*, 677 F.2d at 829; *Clark v. Schweiker*, 652 F.2d 399, 403 (5th Cir.1981). When there is a possibility that a claimant may be incompetent or have a mental illness, the ALJ should explain the right to counsel and the role of an attorney in the hearing in even greater detail and with greater attention toward ensuring that the claimant understands these issues. *Smith v. Secretary of HEW*, 587 F.2d 857, 860 (7th Cir.1978).

1. The term "disability" is defined in Section 223 to mean: (1)(A) inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months; ... (2) For purposes of paragraph (1)(A) an individual ... shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. For purposes of the preceding sentence (with respect to any individual), 'work which exists in the economy' means work which exists in significant numbers either in the region where such individual lives or in several regions of the country. (3) For purposes of this subsection, a 'physical or mental impairment' is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

■ The showing of a violation of a claimant's statutory right to counsel is not, by itself, cause for remand unless prejudice or unfairness to the claimant can also be shown. *Smith v. Secretary of HEW,* 587 F.2d at 860; *Sykes v. Finch,* 443 F.2d 192, 194 (7th Cir.1971). Prejudice to the claimant may be demonstrated by showing that the ALJ did not fulfill his or her obligation to develop a full and fair hearing. *Smith v. Secretary of HEW,* 587 F.2d at 860. The ALJ has a duty in all cases to develop a full and fair record but, where the right to counsel has not been effectively waived, the ALJ's obligation is heightened. *Smith v. Schweiker,* 677 F.2d at 829; *Cowart v. Schweiker,* 662 F.2d 731, 735 (11th Cir. 1981); *Clark v. Schweiker,* 652 F.2d 399, 404 (5th Cir.1981); *Cannon v. Harris,* 651 F.2d 513, 519 (7th Cir.1981); *Smith v. Secretary of HEW,* 587 F.2d at 860. This heightened duty requires the ALJ "to scrupulously probe into, inquire of and explore for all of the relevant facts." *Cannon v. Harris,* 651 F.2d at 519; *Smith v. Secretary of HEW,* 587 F.2d at 860; *Gold v. Secretary of HEW,* 463 F.2d 38, 43 (2nd Cir.1972). The ALJ must be "especially diligent in ensuring that favorable as well as unfavorable facts and circumstances are elicited." *Thompson v. Schweiker,* 665 F.2d 936, 941 (9th Cir.1982) (quoting *Rosa v. Weinberger,* 381 F.Supp. 377, 381 (E.D. N.Y.1974)). "[T]he ALJ's failure to pursue relevant avenues of inquiry, or to assist the claimant, who appeared pro se, deprive[s] [the claimant] of his right to an impartial decision based on an inadequate record." *Thompson,* 665 F.2d at 939. Therefore, a showing that the ALJ failed to fully develop the record by not eliciting all of the relevant information is a showing of prejudice to the claimant and a cause for remand.

### Discussion

■ In this case, although the ALJ informed Vance that he was entitled to have a lawyer at the hearing, the ALJ virtually discouraged Vance from retaining counsel. During the hearing, the ALJ made the following statement to Vance and his wife:

> "You're entitled to have a lawyer at these hearings if you want one. Okay. If you think that you and Mrs. Vance together can tell me what's going on and what your problems are, we probably can do without it. You think you can do this alright (sic)?" Record p. 18.

Vance responded, "Yeah." It is clear, from the record, that the ALJ was aware that Vance has a history of mental illness and only a sixth grade education. These circumstances require that the ALJ be especially concerned that the claimant is either represented by counsel or that he fully understands and knowingly waives his right to counsel. The ALJ did not stress the function and importance of having counsel to Vance, nor did he inform Vance that there was a possibility of obtaining free counsel or that there are limitations on attorneys' fees to 25 percent of any eventual award. The information regarding the cost of any attorney is particularly relevant in disability cases where shortage of funds is likely to be an issue for the claimants. Therefore, in light of Vance's limited education and history of mental illness and the ALJ's brief and discouraging statement regarding Vance's right to an attorney, this Court finds that Vance did not knowingly and intelligently waive his right to counsel at the hearing.

As stated previously, however, the showing of a violation of claimant's statutory right to counsel is not, by itself, sufficient to cause the ALJ's decision to be prejudicial to Vance. The next issue in this case then is whether the ALJ fulfilled his duty to develop a full and fair record and to "scrupulously probe into, inquire of and explore for all relevant facts." *See Gold v. Secretary of HEW,* 463 F.2d 38 (2nd Cir.1972).

■ In this case, the ALJ failed to explore or probe into several areas relevant to Vance's claim. The first, and perhaps most crucial, area that was not explored thoroughly was Vance's record of mental illness. Vance has a long-term history of mental illness. The facts regarding this

history are rather unclear from the record mainly due to Vance's inability to communicate precisely the reasons for his previous psychiatric hospitalizations and current treatment. The most glaring omission from the evidence consists of input and medical records from Vance's current psychiatrist, Dr. Limke. Although the ALJ refers to those medical records during the hearing, and makes some attempt to arrange to receive them, they are not part of the record in this Court and were not relied upon by the ALJ in his findings of fact. Although a claimant's own personal physician's testimony or records are not necessarily the definitive word on the claimant's medical status, those records should be given greater weight than other consulting physicians' recommendations. *Bowman v. Heckler*, 706 F.2d 564, 568 (5th Cir.1983). At the very least, the ALJ should consider all of the evidence and, if he rejects a particular piece of evidence, should explicitly state why he chose to do so. *Smith v. Secretary of HEW*, 587 F.2d at 862. The fact that the ALJ did not consider Vance's personal psychiatrist's testimony in this case demonstrates that the ALJ failed to pursue a relevant line of inquiry.

The ALJ did consider, however, three consulting physicians' diagnoses regarding Vance's mental illness. Two of the consulting physicians were psychiatrists and their reports regarding Vance's ability to perform basic work activities were exactly the opposite. Dr. Benson diagnosed Vance as having residual schizophrenia, schizoaffective type, and concluded that Vance was able to perform basic work activities. Dr. Brady also diagnosed residual schizophrenia but concluded that Vance was unable to perform basic work activities. The ALJ then relied on the reports of two internists, a consultant and a treating physician, which determined that Vance, although depressed, was able to perform basic work activities. The ALJ used these reports to decide that the preponderance of the evidence showed that Vance was not "disabled." Since the two psychiatrists' evaluations were conflicting, and the other evidence used to support the decision was not

from psychiatrists, the ALJ should have pursued further the exact extent of Vance's mental illness, including receiving the medical records from Dr. Limke. When there are uncertainties such as this in the record, it justifies remanding to the Secretary for the taking of more evidence. *Gold v. Secretary of HEW*, 463 F.2d at 44.

Vance had also informed the ALJ of his inability to secure other medical records from his family physician, Dr. Marsi, who had treated him for several years prior to Dr. Marsi's retirement. These records may or may not add new information to the evidence regarding the plaintiff's heart and lung problems. However, it is further evidence of Vance's inability to act on his own behalf and of the ALJ's failure to explore and inquire into all of the relevant facts.

Finally, the ALJ failed to inquire into or receive testimony from Vance's company physician at the place of his last employment. Vance's wife testified that after Vance was laid off from his part-time job, the company physician informed her that it was because the plaintiff was "totally disabled to do his job" (record p. 30), and that the company physician was willing to write a report to that effect. This evidence is not included in the record or considered by the ALJ in his decision and, as such, is another example of the ALJ's failure to explore a relevant fact.

■ Without considering the above, and perhaps other, relevant evidence, the ALJ found that Vance was not under a disability as that term is defined under the Social Security Act and therefore not entitled to disability benefits. In doing so, the ALJ failed to meet the heightened duty of developing a full and fair record which he incurs when the claimant is unrepresented by counsel. Since Vance was not given enough information regarding the right to have an attorney present at his hearing to ensure a knowing and intelligent waiver of this right, and the ALJ did not meet his obligation to assist Vance in developing the record, it is clear that Vance was prejudiced due to his lack of counsel. This is

sufficient cause for remanding this case to the ALJ for a new hearing. *Smith v. Secretary of HEW,* 587 F.2d at 860; *Jeralds v. Richardson,* 445 F.2d 36, 39 (7th Cir.1971).

### Conclusion

Accordingly, cross-motions for summary judgment are denied. This case is remanded to the Administrative Law Judge for further proceedings consistent with this opinion.

IT IS SO ORDERED.