**Gail V. SMITH, Plaintiff,**

v.

**Margaret HECKLER, Secretary of Health and Human Services, Defendant.**

**No. 83 C 1655.**

United States District Court, N.D. Illinois, E.D.

April 16, 1984.

David R. Bryant, David R. Bryant, Ltd., Chicago, Ill., for plaintiff.

Dan K. Webb, U.S. Atty. by Mary Anne Mason, Asst. U.S. Atty., Chicago, Ill., for defendant.

## MEMORANDUM ORDER

BUA, District Judge.

The instant action arises under Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), as an appeal from the decision of the Secretary of Health and Human Services (the Secretary) denying the claimant disability benefits. Before the Court are the parties' cross-motions for summary judgment. For the reasons stated herein, the motions for summary judgment are denied and the case is remanded to the Secretary for further proceedings consistent with this order.

On September 8, 1981, claimant Smith filed an application for disability insurance benefits on the grounds that she had been unable to work since July 2, 1981 because of respiratory problems, a paralyzed vocal chord, and other impairments which resulted from the claimant's having undergone

two operations in 1980 to remove cerebral aneurysms. The operations also left Smith with partial facial paralysis. While plastic surgery on plaintiff's face in 1981 was successful, attempts to correct the vocal chord paralysis were not, leaving her with less than full use of her vocal chords and the aforementioned respiratory problems. These problems are manifested in "attacks" in which plaintiff has difficulty breathing and is forced to gasp for air. During her attacks, plaintiff's voice becomes hoarse and without volume. While these attacks may occur as frequently as five or six times per day, plaintiff often goes a number of days without incident.

Aside from her vocal and respiratory problems, plaintiff also complains that the entire right side of her body constantly feels either cold or hot and that the grip of her right arm is not nearly as strong as that of her left. According to one of her physicians, her right side, especially her right arm and leg, is dysesthetic or without feeling.

Prior to her 1981 surgery, plaintiff had been a secretary, first at a corporation and later at a country club. Because her position at the country club involved frequent speaking, she was unable to properly perform the position following the aneurysm surgery and was therefore discharged.

Despite the above history, plaintiff's application for disability benefits was denied both initially and upon reconsideration. On April 29, 1982, a hearing was conducted by an Administrative Law Judge (ALJ). The hearing was attended by plaintiff, her attorney, and Thomas Grzesik, a vocational expert. The ALJ held that while plaintiff could no longer perform her past position of secretary, she could perform certain sedentary jobs, such as the position of typist, and therefore was not disabled. As the Appeals Council refused to review the ALJ's decision, such decision became the final decision of the Secretary.

In reaching his conclusion the ALJ considered the testimony given at the hearing as well as the medical reports submitted by various physicians as well as the hospital at which her surgeries were performed.

Based on this evidence, the ALJ found that the plaintiff retains the ability to perform sedentary work on a sustained basis and that the residual consequences of her brain and vocal chord operations do not significantly affect the use of the claimant's right extremity or use of her voice. Further, the ALJ noted that while her former secretarial positions were considered light work activity, a level at which she is unable to perform sedentary secretarial and typing jobs which she is capable of performing also exist in the national economy. According to the ALJ, because the claimant can perform such sedentary jobs, she is not disabled.

■ The ALJ's decision is flawed in numerous respects. First, as plaintiff notes, the ALJ found that sedentary secretarial and typing jobs exist in the national economy despite the total absence of any such evidence in the record. Indeed, the only evidence received regarding such positions was the testimony of the vocational expert that the position of "straight typist" would be an example of a sedentary position with skills transferred from the light position of secretary. The expert did not, however, testify that such positions exist in significant numbers in the region where the claimant lives.

■ The ALJ clearly determined that the claimant is unable to perform the kind of work in which she had previously been engaged. Once such a determination is made, the burden shifts to the Secretary to prove that there is some other kind of substantial, gainful employment available which the claimant would be able to perform. *Smith v. Secretary of Health, Education and Welfare,* 587 F.2d 857, 861 (7th Cir.1978); *Stark v. Weinberger,* 497 F.2d 1092 (7th Cir.1974). In order to sustain this burden, the Secretary must present direct evidence as to the existence in the economy of employment positions which the appellant could perform. *Lewis v. Weinberger,* 515 F.2d 584, 587 (5th Cir. 1975); *Wiginton v. Secretary of Health, Education and Welfare,* 470 F.Supp. 235 (E.D.Wis.1979). As no evidence of the ex-

istence of a significant number of sedentary typist positions has been presented, the ALJ's conclusion in this regard is wholly without support.

 In addition to reaching a conclusion regarding the presence of sedentary typist jobs which is not supported by the record, it appears that the ALJ has failed to consider evidence submitted by one of plaintiff's treating physicians in reaching his conclusion that she is able to perform as a typist. Specifically, the report of Dr. Bernard Lerner, a neurosurgeon, states that the plaintiff's right arm and leg are "dysesthetic" or without feeling. In addition, Dr. Lerner noted that "there is some spasticity that is notable in the right upper and lower extremity." While the ALJ apparently relied upon the conclusion of the consulting physician that the claimant would be able to do sedentary work activity without limitations on the use of the hands, he apparently failed to consider the observations of plaintiff's treating physician or that physician's conclusion that the plaintiff is disabled and should not be sent back to work. As a treating physician's opinion is entitled to greater weight than that of a consultant, *Bowman v. Heckler*, 706 F.2d 564, 568 (5th Cir.1983); *Vance v. Heckler*, 579 F.Supp. 318 (N.D.Ill.1984), the ALJ's failure to specifically state why he apparently rejected the treating physician's conclusion in favor of the consultant's in itself warrants remand.

In the case at bar the ALJ concluded that the plaintiff was capable of sedentary work and therefore determined that she was capable of performing as a typist. While plaintiff may well be able to perform sedentary work as it is defined by the Labor Department,[1] nothing in the record suggests that she possesses the fine motor skills required to perform as a typist, especially for an entire workday. Indeed, with plaintiff's history of lack of feeling, spasticity, and diminished grip in her right hand, the evidence would appear to contradict a finding that plaintiff could sufficiently perform as a typist for any length of time. In order to support the ALJ's conclusion, this evidence must be specifically dealt with with reasons given for the rejection thereof. *Smith v. Secretary of HEW*, 587 F.2d 857, 862 (7th Cir.1978).

### Conclusion

For the reasons stated herein, it is apparent that the determination of the ALJ is not supported by substantial evidence. Therefore, the parties' cross-motions for summary judgment are denied and the matter is remanded to the Secretary for further proceedings consistent with this order.

IT IS SO ORDERED.

---

**1.** "Sedentary work implies a capacity to sit for at least six hours in an eight-hour workday and to lift up to ten pounds maximum. The ability to walk and stand up to approximately one third of the workday is also implied in sedentary work." Dictionary of Occupational Titles, 1965, Volume II, Occupational Classification, Third Edition, U.S. Department of Labor.