**Durgham HAWWAT, Plaintiff,**

v.

**Margaret HECKLER, Secretary of Health and Human Services, Defendant.**

No. 84 C 0914.

United States District Court, N.D. Illinois, E.D.

Dec. 12, 1984.

Gerald B. Saltzberg, Fishman & Fishman & Saltzberg, P.C., Chicago, Ill., for plaintiff.

Dan K. Webb, U.S. Atty. by William T. Clabault, Asst. U.S. Atty., Donna Morros Weinstein, Regional Atty., Dept. of Health and Human Services, Chicago, Ill., for defendant.

## ORDER

BUA, District Judge.

Before the Court are the parties' cross-motions for summary judgment. For the reasons stated below, both motions are denied and this cause is remanded for further proceeding consistent with this opinion.

## FACTS

Durgham Hawwat is 63 years old with four years of schooling in Palestine. He cannot read or write English and he speaks very little English. In order to understand English-speaking persons, plaintiff requires an interpreter.

Plaintiff claimed disability by reason of asthma and breathing impairments. One of plaintiff's treating physicians, Dr. Isa Ziadek, concluded that plaintiff has "advanced obstructive airway disease with severe respiratory insufficiency which is fully disabling him." Tr. 129. Another treating physician, Dr. J. Lafair, concluded that plaintiff suffers from "severe chronic asthma and a degree of respiratory insufficiency which would limit his ability to be fully active." Tr. 122. The ALJ, however, rejected these reports and, instead, relying upon the report of a consulting physician, Dr. B. Stevens, the ALJ concluded that plaintiff "does not have any breathing impairment which would preclude his past relevant light machine work." Tr. 9.

At a hearing before the ALJ on August 11, 1983, plaintiff was not represented by an attorney, and since he is unable to communicate in English, an interpreter was necessary. Even with the aid of the interpreter, however, the record reveals obvious communication difficulties. Shortly after the hearing began, the ALJ noted:

ALJ: ... since he stopped working in '73, his insured status for disability purposes ends in 1978. Therefore, it's very important for us to find out what was going on before 1978. Okay?

INTERPRETER: Okay, your honor.

ALJ: All right, does he understand that now?

INTERPRETER: He wants me to repeat it again.

ALJ: Is he saying he doesn't understand it or he does?

INTERPRETER: He said, "What does he say," so this means he is asking you again, your honor.

ALJ: All right, tell him this: This is not a charity program, okay. This is a program where people have to work to get insured status. If they don't work, they can't make the kind of claim that he's making. All right? I'll tell you what—let's go off the record on this.

(At this point, there ensued an off-the-record discussion.)

\*       \*       \*       \*       \*       \*

ALJ: All right, see if you can get it across to him, then.

CLAIMANT: You have the report, your honor, so you go ahead with the case if you'd like to.

INTERPRETER: You do have the report?

ALJ: I have the report, right, okay. All right. As long as he understands what we're talking about, and why I ask these questions. Okay, tell him even though these are informal hearings, he would be entitled to have a lawyer in these hearings with him, if he wants one. If he thinks that he can tell us all about what his problem is, and what's going on with him, and what his difficulty is, we probably can do without it. Ask him if he thinks he can do that.

CLAIMANT: Do I need a lawyer, your honor?

ALJ: Tell him as far as I'm concerned, I can't make that decision for him. He does not require a lawyer, and far as I'm concerned, we will help him any way that we can, as long as he can tell us what his problem is . . . Tell him to listen to what I'm saying first—he can talk to those gentlemen any time he wants.

As long as he can tell me what his problem is, what his difficulty is, when he's been in the hospital, what doctors have taken care of him, things like that, we probably can do without it, but I'll do it any way he wants. If he thinks it's important, I will continue the case for him, any way he wants to do it.

CLAIMANT: All right, your honor. I do not need any attorney. I would like to speak for myself.

ALJ: Okay, let's go off the record.

(At this point there ensued an off-the-record discussion.)

Tr. 17–18. Later in the hearing, a witness informed the ALJ that the plaintiff was "hard to translate." Tr. 33. Some of the plaintiff's and witnesses' testimony at the hearing was reported as "inaudible" by the court reporter. *See* Tr. 21, 25, 33, 34, 37, 38, 39. Finally, three medical reports from physicians were accepted by the ALJ which contain various foreign language notations. The record does not indicate whether these reports were ever translated into English before the ALJ rendered his decision.

## DISCUSSION

■ A claimant in a Social Security hearing must be informed of the statutory right to have an attorney present at the administrative hearing. *Smith v. Schweiker*, 677 F.2d 826, 828 (11th Cir.1982). The claimant, however, may waive this right if given sufficient information to enable him to intelligently decide whether to retain counsel or proceed *pro se*. *Id.* The information necessary to ensure an intelligent and knowing waiver of counsel includes an explanation of the valuable role that an attorney could play in the proceedings, the possibility of free counsel, and the limitations on attorneys' fees to 25 percent of any eventual awards. *Smith v. Schweiker*, 677 F.2d at 829; *Clark v. Schweiker*, 652 F.2d 399, 403 (5th Cir.1981). When there is a possibility that a claimant may be incompetent or have a mental illness, the ALJ should explain the right to counsel and the role of an attorney in the hearing in even greater detail and with greater attention toward ensuring that the claimant understands these issues. *Smith v. Secretary of HEW*, 587 F.2d 857, 860 (7th Cir.1978).

The showing of a violation of a claimant's statutory right to counsel is not, by itself, cause for remand unless prejudice or unfairness to the claimant can also be shown. *Smith v. Secretary of HEW*, 587 F.2d at 860; *Sykes v. Finch*, 443 F.2d 192, 194 (7th Cir.1971). Prejudice to the claimant may be demonstrated by showing that the ALJ did not fulfill his or her obligation to develop a full and fair hearing. *Smith v. Secretary of HEW*, 587 F.2d at 860. The ALJ has a duty in all cases to develop a full and fair record but, where the right to counsel has not been effectively waived, the ALJ's obligation is heightened. *Smith v. Schweiker*, 677 F.2d at 829; *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981); *Clark v. Schweiker*, 652 F.2d 399, 404 (5th Cir.1981); *Cannon v. Harris*, 651 F.2d 513, 519 (7th Cir.1981); *Smith v. Secretary of HEW*, 587 F.2d at 860. This heightened duty requires the ALJ "to scrupulously probe into, inquire of and explore for all of the relevant facts." *Cannon v. Harris*, 651 F.2d at 519; *Smith v. Secretary of HEW*, 587 F.2d at 860; *Gold v. Secretary of HEW*, 463 F.2d 38, 43 (4th Cir.1972). The ALJ must be "especially diligent in ensuring that favorable as well as unfavorable facts and circumstances are elicited." *Thompson v. Schweiker*, 665 F.2d 936, 941 (9th Cir.1982) (quoting *Rosa v. Weinberger*, 381 F.Supp. 377, 381 (E.D. N.Y.1974)). "[T]he ALJ's failure to pursue relevant avenues of inquiry, or to assist the claimant, who appeared pro se, deprive[s] [the claimant] of his right to an impartial decision based on an inadequate record." *Thompson*, 665 F.2d at 939. Therefore, a showing that the ALJ failed to fully develop the record by not eliciting all of the relevant information is a showing of prejudice to the claimant and a cause for remand.

In this case, the ALJ did not stress the function and importance of having counsel to plaintiff, nor did he inform plaintiff that there was a possibility of obtaining free counsel or that there are limitations on attorneys' fees to 25 percent of any eventual award. The information regarding the cost of any attorney is particularly relevant in disability cases where shortage of funds is likely to be an issue for the claimants. Therefore, in light of plaintiff's limited education and the ALJ's discouraging statements regarding plaintiff's right to an attorney, this Court finds that plaintiff did not knowingly and intelligently waive his right to counsel at the hearing.

As stated previously, however, the showing of a violation of claimant's statutory right to counsel is not, by itself, sufficient to cause the ALJ's decision to be prejudicial to plaintiff. The next issue in this case then is whether the ALJ fulfilled his duty to develop a full and fair record and to "scrupulously probe into, inquire of and explore for all relevant facts." *See Gold v. Secretary of HEW*, 463 F.2d 38 (2nd Cir. 1972).

In this case, the ALJ failed to explore or probe for all relevant facts. Although the ALJ was informed by plaintiff that plaintiff was currently under the care of Dr. Yasher, the ALJ made no attempt to obtain current medical reports from Dr. Yasher. Instead, the ALJ disregarded the conclusions of two other treating physicians, and instead relied upon a consulting physician's report. Although a claimant's own personal physician's testimony or records are not necessarily the definitive word on the claimant's medical status, those records should be given greater weight than other consulting physicians' recommendations. *Bowman v. Heckler*, 706 F.2d 564, 568 (5th Cir.1983).

Without considering the above, and perhaps other, relevant evidence, the ALJ found that plaintiff was not under a disability as that term is defined under the Social Security Act and therefore not entitled to disability benefits. In doing so, the ALJ failed to meet the heightened duty of developing a full and fair record which he incurs when the claimant is unrepresented by counsel. Since plaintiff was not given enough information regarding the right to have an attorney present at his hearing to ensure a knowing and intelligent waiver of this right, and the ALJ did not meet his

obligation to assist plaintiff in developing the record, it is clear that plaintiff was prejudiced due to his lack of counsel. This is sufficient cause for remanding this case to the Secretary for a new hearing. *Smith v. Secretary of HEW*, 587 F.2d at 860; *Jeralds v. Richardson*, 445 F.2d 36, 39 (7th Cir.1971).

## CONCLUSION

Accordingly, cross-motions for summary judgment are denied. This case is remanded to the Secretary for further proceedings consistent with this opinion.

IT IS SO ORDERED.