82 F.3d 426
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Charles MERRIMAN, Plaintiff-Appellant,
v.
Shirley S. CHATER,[1] Commissioner of Social
Security Administration, Defendant-Appellee.
 No. 95-7080.
 United States Court of Appeals, Tenth Circuit.
 April 12, 1996.
 
 Before BRORBY, HOLLOWAY, and HENRY, Circuit Judges.
 ORDER AND JUDGMENT[2]
 BRORBY, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff Charles Merriman appeals from an order of the district court[3] affirming the Secretary's determination that he is not disabled and, therefore, not entitled to Social Security benefits. We affirm.
 
 
 3
 Mr. Merriman applied for benefits alleging he was disabled due to illiteracy, mental retardation, obesity, diabetes, and sleep apnea. The administrative law judge (ALJ) denied benefits at step four, see Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir.1988), holding that Mr. Merriman could perform his past relevant work as a dishwasher.
 
 
 4
 On appeal, Mr. Merriman raises several arguments related specifically to his mental impairment and illiteracy. He also argues the administrative law judge should not have filled out the Psychiatric Review Technique form without professional help, did not consider his impairments in combination, discriminated against him because he cannot afford medical treatment, posed an improper hypothetical to the vocational expert, and ignored the vocational expert's testimony.
 
 
 5
 "We review the Secretary's decision to determine whether her factual findings are supported by substantial evidence in the record viewed as a whole and whether she applied the correct legal standards. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Castellano v. Secretary of Health & Human Servs., 26 F.3d 1027, 1028 (10th Cir.1994) (citations and quotation omitted). At step four, the claimant retains the burden of showing he cannot perform his past relevant work. Musgrave v. Sullivan, 966 F.2d 1371, 1376 (10th Cir.1992).
 
 
 6
 Mr. Merriman argues that, due to his mental impairment, he could not intelligently waive counsel. We have not discussed whether an administrative law judge must meet a higher standard when advising a mentally impaired claimant of the right to counsel. See, e.g., Carter v. Chater, 73 F.3d 1019, 1021 (10th Cir.1996). Other circuits have held the administrative law judge must explain the role of counsel in greater detail to a mentally impaired claimant. See Vidal v. Harris, 637 F.2d 710, 713-14 (9th Cir.1981); Smith v. Secretary of Health, Educ. & Welfare, 587 F.2d 857, 860 (7th Cir.1978).
 
 
 7
 However, even assuming we would impose a heightened duty on the administrative law judge to ensure a mentally impaired claimant makes an intelligent and knowing waiver of counsel, a duty clearly not met here, we would find no error. The absence of counsel alone is not sufficient ground for remand. If we are satisfied, by our examination of the record, that the record was fully and fairly developed,[4] and that there was no prejudice or unfairness in the proceedings, Vidal, 637 F.2d at 713, a remand is unnecessary.
 
 
 8
 Mr. Merriman asserts prejudice because the record did not contain a more recent psychological examination showing he had somewhat lower IQ scores than earlier tests had revealed. Mr. Merriman asserts that had the administrative law judge had these results, he would have had his current mental capacity tested because the more recent test showed he met the listing found at 20 C.F.R. Pt. 404, Subpt. P, App. 1, 12.05.
 
 
 9
 Section 12.05 requires a showing of subaverage intellectual functioning "initially manifested during the developmental period (before age 22)." Id.; see also Brown v. Secretary of Health & Human Servs., 948 F.2d 268, 271 (6th Cir.1991). The record indicates, and Mr. Merriman does not dispute, that he has consistently tested higher than the listing until the most recent test. No recent testing could show Mr. Merriman met 12.05. Therefore, no prejudice resulted from Mr. Merriman's waiver of counsel and no remand is necessary.
 
 
 10
 Mr. Merriman argues that because he is illiterate, he could not review and intelligently object to exhibits in the file. However, he points to no error in the exhibits.
 
 
 11
 Mr. Merriman also argues he was unable to respond correctly to the administrative law judge's questions about his experience with vocational counseling. The record shows Mr. Merriman testified that he had been fired from two jobs because he was too slow, Appellant's App. Vol. I at 42, and that he had worked with more than one job coach, all of whom had been told by the employers that Mr. Merriman worked too slowly, id. at 43. Mr. Merriman responded competently.
 
 
 12
 The administrative law judge agreed that Mr. Merriman is mentally impaired and illiterate. Therefore, Mr. Merriman's arguments that the administrative law judge should have obtained more information about his mental impairment is without merit as is his argument that the Secretary's employees did not correctly identify his literacy problem when filling out forms for him.
 
 
 13
 Mr. Merriman argues the administrative law judge should not have filled out the Psychiatric Review Technique form without professional help. The administrative law judge may fill out the form without professional assistance. See 20 C.F.R. 404.1520a(d)(1)(i).
 
 
 14
 Mr. Merriman next argues the administrative law judge discriminated against him because he cannot afford medical treatment. The record shows that the only medical treatment plaintiff alleged he could not afford was a C-PAP machine for his sleep apnea. Plaintiff stated he sought assistance from vocational rehabilitation counselors to obtain the machine, but was told they could not assist him. Mr. Merriman does not assert he sought assistance elsewhere and was denied assistance because of his poverty. Cf. Murphy v. Sullivan, 953 F.2d 383, 386-87 (8th Cir.1992)(failure to seek low-cost medical treatment and lack of evidence claimant had been denied medical care because of financial condition supports determination that claimant's financial hardship was not severe enough to justify failure to seek medical treatment).
 
 
 15
 Mr. Merriman argues the administrative law judge posed an improper hypothetical to the vocational expert and ignored his testimony. No vocational expert testimony is necessary at step four and the administrative law judge had no duty to seek or rely on such testimony. See Glenn v. Shalala, 21 F.3d 983, 988 (10th Cir.1994).
 
 
 16
 Finally, Mr. Merriman argues the administrative law judge did not consider his impairments in combination. Our review shows otherwise. Mr. Merriman had previously been gainfully employed despite his mental impairment and illiteracy. The record contains no evidence that his obesity and diabetes are in any way disabling. While his sleep apnea may increase his tiredness during the day, his treating physician commented that "[d]uring the day he does not require the [C-PAP] machine which implies that he is able to work during those hours." Appellant's App. at 423. To the extent that Mr. Merriman is asking us to reweigh the evidence, his argument must fail. See Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir.1991).
 
 
 17
 The judgment of the United States District Court for the Eastern District of Oklahoma is AFFIRMED.
 
 
 
 [1]
 Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security. P.L. No. 103-296. Pursuant to Fed. R.App. P. 43(c), Shirley S. Chater, Commissioner of Social Security, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant in this action. Although we have substituted the Commissioner for the Secretary in the caption, in the text we continue to refer to the Secretary because she was the appropriate party at the time of the underlying decision
 
 
 [2]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3
 
 
 [3]
 As is the usual practice, the magistrate judge initially reviewed this case, made findings, and tendered a recommendation to the district court. The duty of the magistrate judge in these cases is to carefully review the record. The magistrate judge's recommendation here is insufficient to assure us that such a review was performed. While the magistrate judge need not go into extensive detail, the recommendation must contain a recitation of the record evidence sufficient to assure us that a complete review has been made
 
 
 [4]
 It has been held that if the ALJ does not obtain a valid waiver of counsel, which was not done here, then the burden is on the Secretary to show that the ALJ adequately developed the record; once the Secretary establishes that the record was fully and fairly developed, the claimant has the opportunity to rebut this showing by demonstrating prejudice or an evidentiary gap. Binion v. Shalala, 13 F.3d 243, 245 (7th Cir.1994). Here we need not decide the question about the burden and any heightened duty of the Secretary because we are satisfied that our record shows that the evidence was fully and fairly developed here