13 F.3d 243
 43 Soc.Sec.Rep.Ser. 289, Unempl.Ins.Rep. CCH (P) 17672A
Sharon P. BINION, Plaintiff-Appellant,
v.
Donna E. SHALALA, Secretary of the Department of Health and
Human Services of the United States of America,
Defendant-Appellee.
 No. 93-1733.
 United States Court of Appeals,
Seventh Circuit.
 Argued Oct. 29, 1993.
Decided Jan. 3, 1994.
 
 1
 Thomas M. Henry (argued), Peoria, IL, for plaintiff-appellant.
 
 
 2
 Suzanne E. Duman (argued), Dept. of Health and Human Services, Region V, Office of the General Counsel, Chicago, IL, K. Tate Chambers, Office of U.S. Atty., Peoria, IL, for defendant-appellee.
 
 
 3
 Before CUMMINGS and CUDAHY, Circuit Judges, and LEINENWEBER, District Judge.*
 
 
 4
 LEINENWEBER, District Judge.
 
 
 5
 Claiming she became disabled on October 9, 1989 due to rheumatoid arthritis, acute back strain, and bursitis in the left hip, Sharon Binion ("Binion" or "plaintiff") applied for Social Security Income ("SSI") and Disability Insurance Benefits ("SSDI") under the Social Security Act. The Social Security Administration ("SSA") denied plaintiff's disability claim and Binion requested a de novo review by an administrative law judge ("ALJ"). The ALJ conducted a hearing at which Binion and a friend testified; however, Binion was not represented by counsel at this hearing. The ALJ found that Binion was not disabled because she could perform sedentary work. The Appeals Council denied Binion's request for review. Binion appealed the decision to a district court judge.
 
 
 6
 The district court affirmed the decision of the Secretary of Health and Human Services ("Secretary") denying Binion SSI and SSDI, finding substantial evidence supported the ALJ's decision. Plaintiff has appealed this decision. This court has jurisdiction over the appeal pursuant to 42 U.S.C. Secs. 405(g) and 1383(c)(3) and 28 U.S.C. Sec. 1291.
 
 
 7
 In her appeal, Binion argues that she did not make a valid waiver of her right to counsel in the proceedings in front of the ALJ. She contends that, accordingly, there should be a remand for a new hearing. Binion also argues that there was not substantial evidence to support the ALJ's finding that she was not disabled because she could perform sedentary work.
 
 I. Waiver of Right to Counsel
 
 8
 A claimant has a statutory right to counsel at a disability hearing. 42 U.S.C. Sec. 406, 20 C.F.R. 404.1700. If properly informed of the right, the claimant may waive it. Thompson v. Sullivan, 933 F.2d 581, 584 (7th Cir.1991). To ensure a valid waiver of counsel, we require the ALJ to explain to the pro se claimant (1) the manner in which an attorney can aid in the proceedings, (2) the possibility of free counsel or a contingency arrangement, and (3) the limitation on attorney fees to 25 percent of past due benefits and required court approval of the fees. Id. Defendant concedes that the ALJ did not adequately explain the 25 percent cap on fees as articulated in Thompson, but contends that the ALJ was not required to do so because it is an inaccurate description of the applicable law. The court is unpersuaded by this argument and finds it unnecessary to rearticulate the standard it set out in Thompson for informing claimants of their right to representation. Because the ALJ did not comply with the clear dictates of Thompson, Binion's waiver was invalid.
 
 II. Remand
 
 9
 Binion contends that when the waiver of right to counsel in the administrative proceeding is found to be invalid, the case should automatically be remanded for a new hearing. The Secretary argues that the case should be remanded only if Binion was prejudiced by the absence of counsel. The Secretary contends a remand is unnecessary here because the record was adequately developed and, therefore, Binion was not prejudiced by lack of counsel.
 
 
 10
 In Smith v. Sec'y of Health, Education, & Welfare, 587 F.2d 857, 860 (7th Cir.1978), we held that a claimant is not entitled to a remand based on inadequate notice of the right to representation unless the ALJ did not develop a full and fair record. The ALJ's duty to develop the record fully and fairly where the claimant proceeds without counsel is met if the ALJ probes the claimant for possible disabilities and uncovers all of the relevant evidence. Id.; see also Thompson v. Sullivan, 933 F.2d at 585-86. However, the ALJ has the same duty to develop the record when a plaintiff is without counsel regardless of whether the plaintiff's waiver of counsel was valid: "Where the disability benefits claimant is unassisted by counsel, the ALJ has a duty 'scrupulously and conscientiously [to] probe into, inquire of and explore for all of the relevant facts....' " Smith, 587 F.2d at 860, citing Gold v. Secretary of HEW, 463 F.2d 38, 43 (2d Cir.1972). So as to give teeth to the requirement which we established in Thompson that the ALJ adequately explain the right to counsel, we now hold that if the ALJ does not obtain a valid waiver, the burden is on the Secretary to show the ALJ adequately developed the record. Without the shifting of this burden, no sanction would exist for an ALJ's inadequate explanation of a claimant's rights.
 
 
 11
 We find, however, in this case that the Secretary has established that the ALJ fully and fairly developed the record. The ALJ obtained all of the medical and treatment records from plaintiff's treating physicians. The ALJ asked Binion to provide statements particularizing her claim prior to the hearing and he elicited detailed testimony from Binion at the hearing. The ALJ probed into all of the relevant areas, questioning plaintiff about the medical evidence in the file, her medication, pain, daily activities, and physical ability to perform a number of activities. A friend also testified in her favor. In addition, the ALJ left the record open to obtain a medical report which was not in the record. The hearing was comprehensive, lasting an hour and twenty minutes.
 
 
 12
 Once the Secretary establishes that the record was developed fully and fairly, the plaintiff has the opportunity to rebut this showing by demonstrating prejudice or an evidentiary gap. Prejudice may be demonstrated by showing that the ALJ failed to elicit all of the relevant information from the claimant. Smith, 587 F.2d at 860; Hawwat v. Heckler, 608 F.Supp. 106, 109 (N.D.Ill.1984) (following Smith ); Vance v. Heckler, 579 F.Supp. 318, 322 (N.D.Ill.1984) (following Smith ); accord Edwards v. Sullivan, 937 F.2d 580, 586 (11th Cir.1991) (ineffective notice of right to counsel insufficient to warrant remand; to determine whether case should be remanded, the court must look at whether the "record reveals evidentiary gaps which result in unfairness or 'clear prejudice' ") (citations omitted).
 
 
 13
 Binion has advanced several arguments as to how the presence of counsel might have helped her. She argues counsel might have written to her doctors to obtain residual functional capacity assessments which would have mandated a finding of disability in this case. However, on three occasions, the SSA requested information regarding Binion's ability to perform work-related functions from Binion's treating physician. Each time, the doctor did not note any limitations. Another treating physician opined that Binion could perform a job that did not require her to bend, stoop, push, or lift, and that she could perform a job washing dishes. Moreover, plaintiff has presented no statements from her doctors that they are of the opinion that she is, in fact, disabled. Plaintiff presented no new medical evidence to the Appeals Council, the district court, or this court. In each of these proceedings she had the benefit of counsel. Although the court cannot reverse the Secretary's decision on the basis of any new evidence introduced here, such evidence would weigh heavily in determining whether a remand is necessary. Eads v. Secretary of DHHS, 983 F.2d 815 (7th Cir.1993); 42 U.S.C. Sec. 405(g) (sentence six) (court may remand a case if the claimant submits new and material evidence and shows good cause for failing to submit the evidence to the agency).
 
 
 14
 Binion also argues that counsel could have requested the presence of a vocational expert. However, this court has already explained that "a vocational expert is not a required or even essential part of a disability benefits hearing. The decision whether to employ the services of a vocational expert is entirely within the discretion of the ALJ." Ehrhart v. Secretary of HHS, 969 F.2d 534, 540 (7th Cir.1992) (citation omitted). In addition, where appropriate, the ALJ may use the Medical/Vocational Guidelines or "grid" to determine whether the claimant may perform a significant number of jobs. 20 C.F.R. Pt. 404, Subpt. P, App. 2; Walker v. Bowen, 834 F.2d 635, 640 (7th Cir.1987) ("The grid is a chart which classifies a claimant as disabled or not disabled, based on the claimant's physical capacity, age, education, and work experience."). Binion has not provided any concrete evidence or information on how the presence of a vocational expert would have changed the finding of no disability.
 
 
 15
 Binion also argues that counsel could have helped elicit more specific documentation from her, as well as from other witnesses, as to the degree and nature of her pain, its duration, and resulting limitations on her ability to perform work-related activities. However, Binion filled out several forms regarding her medical condition, why she believed it prevented her from working, the limitations doctors placed on her, her medications and treatment, and what activities she was able to do. Prior to the hearing, the ALJ sent Binion a questionnaire asking her to comment on how her illness affected her daily activities, the reason she thought she was disabled, and her ability to do specific activities. Binion wrote a page describing her pain and how it affected her life. At the hearing, the ALJ asked Binion to comment on why she stopped working, her treatment and medication, and the location, duration, and intensity of her pain and other symptoms. The ALJ also asked Binion's witness to comment on her condition. The ALJ sufficiently probed the extent and nature of Binion's pain and its effect on her ability to work.
 
 
 16
 Plaintiff has not pointed to any specific facts that were not brought out during the hearing nor has she provided any new medical evidence. Mere conjecture or speculation that additional evidence might have been obtained in the case is insufficient to warrant a remand. Granger v. Finch, 425 F.2d 206, 208-09 (7th Cir.1970), cert. denied, 400 U.S. 824, 91 S.Ct. 46, 27 L.Ed.2d 52 (1970). Binion has not rebutted the government's showing that the record was fully developed. Therefore, no remand is necessary.
 
 III. Substantial Evidence
 
 17
 Finally, Binion contends that there was not substantial evidence to support the ALJ's finding that she could perform sedentary work. The court must determine whether the ALJ's findings were supported by substantial evidence and whether the proper legal standards were applied. Pitts v. Sullivan, 923 F.2d 561, 564 (7th Cir.1991). In Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971), the Supreme Court defined substantial evidence as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." This court must determine whether the ALJ could reasonably find on the basis of the record in front of him that Binion could perform the full range of sedentary work.
 
 
 18
 The ALJ employs a five-step analysis to determine whether a claimant is disabled. 20 C.F.R. Secs. 404.1520, 416.920. At the fifth step of this analysis, the ALJ determined that Binion could perform sedentary work. A claimant can do sedentary work if she can (1) sit up, (2) do occasional lifting of objects weighing up to ten pounds, and (3) occasionally walk or stand. Kapusta v. Sullivan, 900 F.2d 94, 96 (7th Cir.1989); 20 C.F.R. Secs. 404.1567(a), 416.967(-a). Binion contends that her impairments are so severe that she is unable to engage in any substantial gainful activity. Binion argues that whatever "residual functional capacity" ("RFC") she retains does not permit her to engage in even sedentary work.
 
 
 19
 Binion has been diagnosed with diabetes, rheumatoid arthritis, back strain, bursitis in her left hip, and fibromaglia in her left shoulder. The ALJ found that plaintiff could not perform her past work[1] because she is unable to carry more than ten pounds, bend, stoop, push or lift. The ALJ did determine, however, that Binion was capable of sedentary work. He took into account Binion's testimony that she is able to cook, sew, put together jigsaw puzzles, read, wash dishes and clothes, mop floors, grocery shop, and drive a car. The ALJ also noted that Binion's RFC is limited to work which would only require her to carry small or light items and which would not require extended walking or standing. The ALJ then used the grids to determine that there were a substantial number of jobs in the national economy which Binion could perform. In determining that Binion was able to perform the full range of sedentary work, the ALJ specifically stated that he found Binion's testimony as to the disabling extent of her pain less than credible.
 
 
 20
 Binion argues that her pain and use of medication are disabling and prevent her from doing sedentary work. The legal standard which the ALJ must apply in evaluating the effect of pain on a claimant's RFC is contained in the regulations and Social Security Rulings. Social Security Ruling 88-13 provides that, in evaluating complaints of pain, the ALJ shall consider (1) the nature, location, onset, duration, frequency, radiation, and intensity of the pain; (2) precipitating and aggravating factors (e.g., movement, activity, aggravating conditions); (3) type, dosage, effectiveness, and adverse side-effects of any pain medication; (4) treatment, other than medication, for relief of pain; (5) functional restrictions; and (6) the claimant's daily activities. The ALJ is required to consider all of the claimant's symptoms, including pain, in light of objective medical evidence. The ALJ must also consider testimony by the claimant and other witnesses familiar with her daily activities to determine how any restrictions due to pain affect the claimant's ability to work. 20 C.F.R. Secs. 404.1529, 416.929.
 
 
 21
 The ALJ did consider Binion's pain in light of these criteria and determined that her impairments did not prevent her from working. The ALJ took into account the available medical evidence, and the testimony of Binion and her witness. Binion testified that she could sit for an hour without a break, stand for about the same length of time, walk about five blocks at a time, and pick up ten pounds. This is substantial evidence that she could perform sedentary work. Kapusta, 00 F.2d at 96 (claimant's testimony that he could walk a block or two, stand up for twenty minutes at a time, lift ten pounds on occasion, and that he had taken an automobile trip of 362 miles, provided substantial evidence for the ALJ to conclude that claimant could sit up long enough to perform work).
 
 
 22
 None of the treating physicians opined that Binion was disabled or had any limitations on her ability to do work-related activities. Although Binion testified that she used a cane, her doctor noted that Binion did not use it for medical reasons but rather for her own reassurance. The ALJ noted that the medical evidence did not demonstrate any side effects from the medications. And, Binion's description of the activities in which she engaged demonstrated that she was not limited in her activities by her medications. The ALJ took into account the relevant criteria under the correct legal standard in determining whether Binion's pain rendered her disabled.
 
 
 23
 Binion also argues that the ALJ should not have applied the grids because she suffers from significant pain. However, as this court explained,
 
 
 24
 the disabling extent of the claimant's pain is a question of fact for the ALJ, and if pain is not found to interfere with the claimant's ability to work, then the grids may be used.... The ALJ's determination of the extent of Kapusta's pain is, as we pointed out above, supported by substantial evidence. We must therefore also affirm her use of the grids to determine disability.
 
 
 25
 Kapusta, 900 F.2d at 97 (citation omitted); see also Howell v. Sullivan, 950 F.2d 343, 349 (7th Cir.1991) (application of grid appropriate where ALJ finds claimant has no significant nonexertional limitations). There was a significant amount of evidence that Binion's pain did not interfere with her daily activities. Accordingly, it was appropriate for the ALJ to use the grids to determine disability.
 
 
 26
 Substantial evidence supports the ALJ's finding that Binion retained the residual functional capacity to perform sedentary work. Therefore, the district court's decision upholding the denial of benefits is affirmed.
 
 
 27
 AFFIRMED.
 
 
 
 *
 The Honorable Harry D. Leinenweber of the United States District Court for the Northern District of Illinois is sitting by designation
 
 
 [1]
 Binion was a Dietary Aid/Cook. Her duties included lifting heavy pots of food