165 F.3d 33
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Holly TOMASELLO, by Denise Tomasello, her mother and next
friend, Plaintiffs-Appellants,
v.
Kenneth S. APFEL, Defendant-Appellee.
 No. 97-3701.
 United States Court of Appeals, Seventh Circuit.
 Submitted May 18, 1998.*
Decided Aug. 28, 1998.
 
 Appeal from the United States District Court for the Northern District of Illinois. Eastern Division. Hon. Blanche M. Manning, Judge. No. 96 C 986.
 Before Honorable WALTER J. CUMMINGS, Honorable ILANA DIAMOND ROVNER, Honorable TERENCE T. EVANS, Circuit Judges.
 ORDER
 Holly Tomasello ("Holly"), by her mother and next friend Denise Tomasello ("Tomasello"), filed an application for Child's Insurance Benefits under the Social Security Act, 42 U.S.C. § 402(d), asserting that James Haagenson, a deceased wage earner, was her father. The Social Security Administration denied her application initially and then again on reconsideration, finding that Holly was not Haagenson's "child" as the Act defines that term. Following an evidentiary hearing, the Administrative Law Judge who reviewed the denial likewise concluded that Holly was not Haagenson's "child." The Appeals Counsel denied review, rendering the ALJ's opinion the final decision of the Commissioner. Tomasello sought judicial review of the Commissioner's decision in the district court pursuant to 42 U.S.C. § 405(g). The district court granted summary judgment in favor of the Commissioner, Tomasello v.. Chater, No. 96 C 986, 1997 WL 625493 (N.D.Ill. Sept. 30) (Manning, J.), and Tomasello appeals.
 
 
 1
 Of the variety of ways in which someone may establish that she is a statutory "child" of the insured and thus entitled to benefits on that wage earner's account, the only one open to Holly was to establish that she was eligible to inherit personal property from Haagenson pursuant to the intestate succession laws of Illinois, his domicile at the time of his death. See 42 U.S.C. § 416(h)(2)(A); 20 C.F.R. §§ 404.354(b), 404.355(a). Illinois law entitles a child born out of wedlock to inherit from someone adjudged to be her father by a court of competent jurisdiction. See 755 ILCS 5/2-2. On July 5, 1994, a DeKalb County, Illinois circuit court issued a form "Order of Heirship" identifying Holly as one of two surviving heirs of Haagenson. However, Social Security Ruling 83-37c, which incorporates the Sixth Circuit's holding in Gray v. Richardson, 474 F.2d 1370 (6th Cir.1973), deems this type of state court determination binding on the Commissioner (who was of course not a party to the state court proceeding) only when the following prerequisites are satisfied:
 
 
 2
 (1) an issue in a claim for Social Security benefits previously has been determined by a State court of competent jurisdiction;
 
 
 3
 (2) this issue was genuinely contested before the State court by parties with opposing interests;
 
 
 4
 (3) the issue falls within the general category of domestic relations law; and
 
 
 5
 (4) the resolution by the State trial court is consistent with the law enunciated by the highest court in the State.
 
 
 6
 1983 WL 31272, at * 1,* 3 (S.S.A.1983). The ALJ in this case concluded, based on the record as a whole, that the question of Haagenson's paternity was not genuinely contested before the Illinois court and that the order of heirship consequently was not binding on the Commissioner. ALJ Decision at 4-5. The ALJ then independently considered whether the order was nonetheless sufficient to establish that Holly is Haagenson's "child" for purposes of the Act and concluded that it was not. Illinois requires clear and convincing evidence of paternity once the putative father has died, 755 ILCS 5/2-2, and in the ALJ's view, the record did not meet that standard. Among other things, the judge noted that Holly's birth certificate did not identify Haagenson as her father; that in the twelve years between Holly's birth and Haagenson's death, Tomasello had never sought any financial support or recognition of paternity from Haagenson; and that the statements of those familiar with Holly, her mother, and Haagenson did not unequivocally identify Haagenson as Holly's father. ALJ Decision at 5-7. For these reasons the ALJ, and ultimately the Commissioner, found the evidence insufficient to demonstrate Holly's status as a "child" of the insured and therefore denied her claim for benefits.
 
 
 7
 Tomasello initially and principally contends that the Commissioner erred in concluding that Tomasello had not proven her status as Haagenson's "child." Relying on the language of the Act, which directs the Commissioner to "apply such law as would be applied in determining the devolution of intestate personal property by the courts of the State in which [the] insured individual is domiciled ... at the time of his death," 42 U.S.C. § 416(h)(2)(A), Tomasello argues that no more proof of her status as Haagenson's child was required than a valid state court order identifying Holly as his heir. The Commissioner cannot disregard such an order simply because he believes the underlying evidence of paternity to be insufficient; to do so, Tomasello posits, would be to usurp the function of the Illinois appellate courts. Moreover, to the extent that Social Security Ruling 83-37c requires something more than an order of heirship which would suffice for inheritance purposes in the Illinois courts, Tomasello suggests, it is inconsistent with the language of section 416(h)(2)(A) and the regulations that the Commissioner has promulgated thereunder. Neither the statute nor the regulations, however, speak in terms of a state court order. Instead, they direct the Commissioner to apply the same law that the state court would in the devolution of intestate personal property. 42 U.S.C. § 416(h)(2)(A); 20 C.F.R. §§ 404.354(b), 404.355(a). A state court order akin to the one here is certainly probative evidence that the claimant would be eligible to inherit from the insured under state law, especially in view of the fact that state law in this case conditions the right to inherit on an order adjudicating paternity. Yet, as Ruling 83-37c implicitly recognizes, when such an order is not the product of truly adversarial proceedings, there is good reason to question its reliability.[1] We therefore reject the notion that the Commissioner was compelled to grant the order of heirship dispositive weight. The Commissioner, through the ALJ, properly considered the order as proof that Holly would be entitled to inherit from Haagenson, but, consistent with the Illinois requirement that paternity be proven post-mortem by clear and convincing evidence, found on balance that the order and the other evidence before him were insufficient to eliminate doubts about whether she was indeed his daughter.[2] In so concluding, he did not usurp the function of any Illinois court. The Commissioner simply made the very type of predictive judgment as to her eligibility to inherit from Haagenson that the statute required him to make. Based on our own review of the record, we find that assessment to be supported by substantial evidence. See Binion ex rel. Binion v. Chater, 108 F.3d 780, 785 (7th Cir.1997) (assuming without deciding that ALJ's paternity determination is reviewed for the support of substantial evidence).
 
 
 8
 Tomasello faults the ALJ for failing to develop the record by omitting to obtain either a copy of Haagenson's military record or a transcript of the state court proceeding underlying the order of heirship. The omission of these documents prejudiced her, Tomasello argues, because whatever information they contain might have affected the ALJ's assessment of the weight of the evidence indicating that Haagenson was Holly's father. This argument amounts to nothing more than speculation, however. We are left to guess in what respect Haagenson's military records might be helpful.[3] As for the transcript of the state court proceeding, Tomasello herself obtained a copy and submitted it to the appeals council in support of her request for review. The appeals council considered the transcript, but concluded that it only lent further support to the ALJ's determination. Appeals Council's Action at 1-2. We are again left in the dark, therefore, as to how the absence of this evidence from the record before the ALJ prejudiced Tomasello. We find no merit to this unsupported argument. See Nelson v. Apfel, 131 F.3d 1228, 1235 (7th Cir.1997).
 
 
 9
 Tomasello proceeded without counsel before the ALJ, and she argues finally that the ALJ did not adequately counsel her as to the ramifications of representing herself. When Tomasello indicated at the outset of the hearing that she wished to proceed without an attorney, the ALJ did not discuss with her the ways in which an attorney could aid the proceeding, the availability of representation at no cost to her, and the fact that the fees that she could be charged by an attorney were limited to twenty-five percent of past due benefits and required court approval. Our cases require discussion of these factors in order to ensure a valid waiver of counsel. E.g., Binion v. Shalala, 13 F.3d 243, 245 (7th Cir.1994), citing Thompson v. Sullivan, 933 F.2d 581, 584 (7th Cir.1991). But the failure to properly admonish the claimant will not constitute a basis for disturbing the ALJ's decision unless the ALJ failed to fully and fairly develop the record. See Binion, 13 F.3d at 245-26. Our own review of the record has unearthed no significant omission in the completion of the record, so we find no prejudice to Tomasello in that respect. We note, moreover, that prior to the hearing, Tomasello signed a form acknowledging that she had a right to counsel, that she understood that right, that she could be appointed counsel free of charge, and that she wished nonetheless to proceed without an attorney. Admin. R. 70; see also id. at 66. Tomasello had, in fact, been represented by counsel prior to the hearing, and had the assistance of an attorney at the state court proceeding that culminated in the order of heirship. See Admin. R. 25, 75. In view of these circumstances, we find nothing which would merit reversal or remand. Tomasello herself has made no effort to demonstrate any respect in which she was disadvantaged by the ALJ's failure to explain the right to counsel to her. Her conclusory assertion of prejudice is not sufficient to rebut the Commissioner's showing that no harm was done. See Binion, 13 F.3d at 246-47.
 
 
 10
 Accordingly, we find no basis on which to reverse the district court's decision affirming the denial of benefits to Holly Tomasello. The Commissioner's determination is supported by substantial evidence, and any omission or error that the ALJ may have made in developing the record or in allowing Tomasello to proceed without counsel was, so far as the record and arguments before us reveal, harmless. Tomasello's contention that she is entitled to attorney's fees and costs because the government's position in this matter was not substantially justified is, of course, meritless in light of this disposition.
 
 
 11
 AFFIRMED.
 
 
 
 *
 This case was scheduled for argument on May 18, 1998, but Tomasello decided to waive oral argument and the case was submitted on the briefs and the record
 
 
 [1]
 We note that there were no assets in Haagenson's estate, and thus the order of heirship was sought solely to obtain the social security benefit for Holly
 
 
 [2]
 Illinois courts have described "clear and convincing evidence" in the context of post-mortem paternity decisions as " 'the quantum of proof which leaves no reasonable doubt in the mind of the trier of fact as to the truth of the proposition in question." ' In re Estate of Lukas, 155 Ill.App.3d 512, 108 Ill.Dec. 207, 508 N.E.2d 368, 374 (Ill.App.1987), quoting In re Estate of Ragen, 79 Ill.App.3d 8, 34 Ill.Dec. 523, 398 N.E.2d 198, 203 (Ill.App.1979). The "reasonable doubt" language has been qualified, however. "It is apparent ... that although stated in terms of reasonable doubt, clear and convincing evidence is considered to be more than a preponderance while not quite approaching the degree of proof necessary to convict a person of a criminal offense." Id. at 203; see Binion ex rel. Binion v. Chater, 108 F.3d 780, 783 (7th Cir.1997)
 
 
 [3]
 At the hearing before the ALJ, Tomasello mentioned that when she had first sought Social Security benefits for Holly, the Social Security Administration had noted that Haagenson was serving in the armed forces when she gave birth to Holly. According to Tomasello, however, Haagenson was actually absent without leave from the military at that time, and she believed that his military records would so reflect. See Admin. R. 34, 77. Assuming that she is correct in that regard, we are nonetheless unable to discern what particular relevance Haagenson's whereabouts at the time of Holly's birth would have upon the paternity determination. In any case, as Tomasello herself indicated to the ALJ, Haagenson was not present in Illinois when Holly was born. She believed he was in Florida, evading arrest for being AWOL from the Navy. Admin. R. 77