Kimberley WILLIAMS, Plaintiff–
Appellant,

v.

Jo Anne B. BARNHART,
Defendant–Appellee.

No. 01–3925.

United States Court of Appeals,
Seventh Circuit.

Argued April 24, 2002.

Decided May 9, 2002.

Before Hon. JOHN L. COFFEY, Hon. MICHAEL S. KANNE, and Hon. TERENCE T. EVANS, Circuit Judges.

### ORDER

Kimberley Williams, a 40–year–old former nurse's aide, sought attorneys fees in this Social Security case under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1)(A), after a magistrate judge remanded the case to the Commissioner for reconsideration under the Social Security Act. The magistrate judge denied Williams's request for fees, holding that the Commissioner of Social Security's prelitigation conduct and litigation position were "substantially justified" despite the remand. Williams contends on appeal that the magistrate judge abused his discretion in refusing to grant her fee request.

This case has tread an arduous procedural path, beginning with Williams's application in 1993 for Disability Insurance Benefits and Supplemental Security Income under Title II and XVI of the Social Security Act. She claimed disability because of problems related to obesity, periodic but severe vertigo, sleep disorders including life-threatening sleep apnea, chronic sinus infections and breathing problems, and sarcoidosis, a disease that causes lesions and inflammation throughout the body but especially in the liver, lungs, skin, and lymph nodes. The Social Security Administration (SSA) twice denied her application. Williams then sought and received a hearing before an ALJ.

She appeared at the hearing without a lawyer. In order to secure a valid waiver of counsel, the ALJ explained to Williams that she had a right to counsel, that counsel could assist her in posing questions and developing the record, and that attorneys often represent people on a contingency basis in cases like hers. The ALJ also advised Williams that she, the ALJ, would have to approve any fees charged by an attorney. The ALJ neglected, however, to explain that legal fees would be limited to 25 percent of past due benefits. *See* 42 U.S.C. § 406(2)(A)(ii)(I). This omission controverted *Thompson v. Sullivan,* 933 F.2d 581, 584 (7th Cir.1991), and *Binion v. Shalala,* 13 F.3d 243, 245 (7th Cir.1994), which require that an ALJ in obtaining a valid waiver of counsel inform pro se claimants of "(1) the manner in which an

attorney can aid in the proceedings, (2) the possibility of free counsel or a contingency arrangement, and (3) the limitation on attorneys fees to 25 percent of past due benefits and required court approval of the fees." *Binion,* 13 F.3d at 245. We held in *Binion* that if the ALJ did not obtain a valid waiver, the Commissioner then assumed the burden of showing that the ALJ fully and fairly developed the record.

The ALJ ultimately determined that Williams's various ailments limited her to sedentary work involving no overhead reaching, no heights or hazards or bending from the waist, and no exposure to pulmonary irritants, temperature extremes, or humidity. Despite these impairments, and based on a vocational expert's testimony at the hearing, the ALJ found that Williams could engage in a significant number of jobs in the national economy (Step 5 of the sequential analysis applied in Social Security cases), including "Cashier" and "Security Guard," The ALJ thus determined that Williams was "not disabled." The ruling became the Commissioner's final determination after the Appeals Council declined review.

Williams obtained counsel and appealed to the district court. Both parties consented to a magistrate judge's final jurisdiction. After being assigned the case and hearing oral argument, Magistrate Judge Goodstein reversed and remanded the case because the ALJ had not followed *Binion* and the Commissioner had not carried her resulting burden of proving that the ALJ fully and fairly developed the record. *See* 42 U.S.C. § 405(g) Sentence Four. Specifically, the judge found that the ALJ should have (1) obtained medical evidence revealing the effects, if any, of Williams's sleep apnea on her ability to work; (2) more thoroughly developed the record regarding the side effects of Williams's eight medications and their impact on her ability to

work; (3) further elaborated on Williams's residual functional capacity to reach, handle, push, and pull; (4) included in a hypothetical to the vocational expert an elaborated description of Williams's limitations in reaching, handling, pushing, and pulling; and (5) had the vocational expert correlate the "Cashier" and "Security Guard" jobs he though Williams could perform with descriptions in the Dictionary of Occupational Titles and explain any discrepancies between his knowledge of the jobs and their descriptions.

Williams then filed a request for $6,087.50 in attorneys fees under EAJA, which Judge Goodstein denied. He found the Commissioner's prelitigation conduct and litigation position "substantially justified" despite the remand—because the "ALJ's deficiencies [in developing the record] were not failures of omission, but of development. In other words, the ALJ did not ignore medical evidence or testimony, but simply did not pursue certain areas to the extent required in order to fully and fairly develop the record." Likewise, Judge Goodstein characterized the ALJ's failure to inform Williams of the 25 percent cap on fees a failure "not . . . of omission, but extent." He also found that the Commissioner's defense of the ALJ's determination was substantially justified. Later, Williams filed an untimely motion, ostensibly pursuant to Fed.R.Civ.P. 59(e), to alter or amend the court's decision, which Judge Goodstein also denied.

Williams then appealed to us, but a motions panel dismissed for lack of jurisdiction. The panel noted that no Fed. R.Civ.P. 58 judgment was entered for the denial of attorneys fees, and our order informed Williams that she had another opportunity to appeal within 60 days of entry of a proper Rule 58 judgment. The case went back to Judge Goodstein, who entered an Amended Judgment on August

31, 2001, that expressly denied the fees request.

Williams timely appeals from the Amended Judgment, and raises several arguments. But the key issue in this case, and the only argument we need to address, is whether the deficiencies in the ALJ's development of the record undermine Judge Goodstein's holding that the Commissioner's position was substantially justified. Regarding Williams's other contentions, we simply note that we do not think Judge Goodstein's EAJA decision relied on any new or erroneous "rules of law" or that the ALJ's regrettable disregard of *Binion*'s waiver-of-counsel requirements compel an automatic entitlement to attorneys fees because *Binion* allows the Commissioner to argue that the ALJ satisfied her burden of fully and fairly developing the record.

The EAJA allows a prevailing party in a civil suit against the government to obtain attorneys fees if the government's position was not "substantially justified":

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). The government's position is "substantially justified" where it is "justified in substance or in the main that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood,* 487 U.S. 552, 565, 108 S.Ct.

2541, 101 L.Ed.2d 490 (1988). Another way of articulating this standard is to say that the position is substantially justified where it has "a reasonable basis both in law or fact." *Id.* We have also noted that "substantial justification" is demonstrated when the government's position is grounded in "(1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory propounded; and (3) a reasonable connection between the facts alleged and the legal theory advanced." *United States of America v. Hallmark Constr. Co.,* 200 F.3d 1076, 1078 (7th Cir. 1999) (citations and quotations omitted). Although prelitigation conduct as well as a party's litigation position must be considered, courts make only one determination that a party's position was substantially justified. *See Commissioner, INS v. Jean,* 496 U.S. 154, 160, 110 S.Ct. 2316, 110 L.Ed.2d 134 (1990). In other words, courts should evaluate the factual and legal support for the government's position throughout the entire proceeding. *See Hallmark,* 200 F.3d at 1078. Merely prevailing in the district court does not automatically entitle a party to fees, although the government bears the burden of showing that its position was substantially justified. *See id.; Marcus v. Shalala,* 17 F.3d 1033, 1036 (7th Cir.1994).

We review Magistrate Goodstein's decision only for an abuse of discretion. *Pierce,* 487 U.S. at 563, 108 S.Ct. 2541. Applying this deferential standard, we conclude that the judge did not abuse his discretion by denying Williams's fee request. Williams's search of Judge Goodstein's oral findings on the ALJ's handling of her case for the type of "strong language" criticizing the government's position that we have said supports an EAJA award, *see, e.g., Hallmark,* 200 F.3d at 1078 (where district judge's merits determination held that government's position was "arbitrary and capricious," such lan-

guage in opinion supported EAJA award); *Marcus,* 17 F.3d at 1037 (merits determination that found Secretary's position "unconvincing" and "made little sense" supported later EAJA award), is in vain: the available examples (the ALJ "might have slightly understated" facts, "should have asked ... questions in this area," or "should have sent another form") are flaccid compared to the robust criticisms in *Hallmark* and *Marcus.* Furthermore, Williams neglects to mention that the government prevailed on a number of issues at the merits phase. For example, Judge Goodstein rejected Williams's contentions that the ALJ did not fully developed the record regarding her sarcoidosis or the pain she daily endures. Although the outcome of a case or an issue is not "conclusive evidence of the justification for the government's position," that outcome remains a relevant consideration in the substantial justification analysis. *Hallmark,* 200 F.3d at 1079–80.

Finally, an independent review of the record reveals that whether the ALJ failed to fully and fairly develop the record was certainly an arguable point. For example, the record contains a report from Dr. Khan, Williams's treating physician, stating that Williams can only "lift and/or carry" five pounds, that she can stand or walk for only five to ten minutes at a time, and that her afflictions affect her ability to reach, handle, push, and pull. The ALJ solicited this report and gave it controlling weight in her decision. Judge Goodstein ruled that the ALJ should have sent the report back to Dr. Khan so that he could describe exactly how Williams's disabilities affected her reaching, handling, pushing and pulling abilities. But it seems reasonable to argue, as did the Commissioner, that soliciting the report and giving it controlling weight satisfied the ALJ's duty to fully and fairly develop the record, at least in regards to Williams's ability to perform light, medium, or sedentary work. *See,*

*e.g., Griffith v. Callahan,* 138 F.3d 1150, 1153–54 (7th Cir.1998) (deferring to an ALJ's decision not to obtain additional physician's report where there was already record evidence on the issue); *Luna,* 22 F.3d at 692 (same). Similarly, it seems reasonable to argue that the ALJ had gathered enough evidence concerning Williams's sleep apnea, another area that Judge Goodstein thought underdeveloped. The record contains a series of reports from multiple physicians discussing Williams's sleep apnea and showing that it was improving with treatment, as the ALJ found. As an ALJ is entitled to rely on physician reports in making determinations regarding a claimant's ability to work, *see Cass v. Shalala,* 8 F.3d 552, 555 (7th Cir.1993), it does not seem unreasonable for the government to have argued that the record regarding Williams's sleep apnea was fully and fairly developed.

For the foregoing reasons, we AFFIRM the judgment denying an award of attorneys fees.