**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit
Chicago, Illinois 60604**

Submitted June 16, 2010[*]
Decided June 17, 2010

**Before**

RICHARD D. CUDAHY, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 09-3808

| | |
|---|---|
| CAROL I. RATULOWSKI, | Appeal from the |
| *Plaintiff-Appellant,* | United States District Court for the |
| | Eastern District of Wisconsin. |
| *v.* | |
| | No. 09-CV-270 |
| MICHAEL J. ASTRUE, | |
| Commissioner of Social Security, | Aaron E. Goodstein, |
| *Defendant-Appellee.* | *Magistrate Judge.* |

**O R D E R**

No one disputes that Carol Ratulowski has been disabled since February 1979, when she was in a car accident that caused her multiple injuries, including an injury to her spinal cord. Based on those injuries, she receives supplemental security income benefits. Now she also seeks disability insurance benefits and child's insurance benefits, based on a

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

miscarriage in 1975 that she says rendered her disabled. But an administrative law judge concluded that the miscarriage was not disabling and denied her claim. Because the ALJ's decision is supported by substantial evidence, we affirm.

Ratulowski applied for disability benefits and child's benefits (based on her father's insurance) in 2006, after a field worker at her local social security office suggested that she might be able to get more money if she qualified for disability or child's benefits. After her claim was initially denied, she requested a hearing, at which she appeared pro se. At the hearing, one issue that arose was whether she should have legal representation. The ALJ told her of her right to counsel, and he offered to postpone the hearing if she wanted more time to find counsel. She declined and proceeded without counsel.

Another issue that surfaced was the onset date of Ratulowski's disability. The ALJ attempted to focus her attention on her medical problems between 1975 and 1978. He explained that to be eligible for disability benefits, she would have to show that she became disabled before the date she was last insured, in December 1978—two months before the car accident. *See* 20 C.F.R. § 404.131. For child's benefits, she would have to show that she became disabled before she turned 22, in August 1976. *See* 42 U.S.C. § 402(d)(1)(B); 20 C.F.R. § 404.350(a). Ratulowski testified that she had a miscarriage in 1975 but her memory of that time was limited. When the ALJ pressed for more, she said that she spent time in the hospital after the miscarriage and became traumatized there after seeing the fetus in a glass jar. The ALJ stressed the need for her to produce records supporting her medical problems from 1975 through 1978, and gave her more time to locate any additional medical records. Ratulowski was able to find records documenting the miscarriage, the resulting surgical procedure, and a follow-up appointment; however, these documents taken together reflect that she recovered well.

The ALJ was not persuaded that the miscarriage rendered Ratulowski disabled and denied her claim. The Appeals Council denied her request for review, so she brought this suit. The district court upheld the denial of benefits, and though it noted that the ALJ did not say enough about Ratulowski's right to counsel, it found the omission harmless because the ALJ adequately developed the record.

On appeal Ratulowski asserts that she in fact wanted an attorney at her hearing—an argument that we construe as a challenge to her waiver of counsel before the ALJ. A claimant has a statutory right to counsel at a disability hearing. *See* 42 U.S.C. § 406; *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). The claimant can validly waive that right as long as the ALJ fully explains it. *Skinner*, 478 F.3d at 841. But as the district court pointed out, the ALJ did not comport with this circuit's requirements for establishing a valid waiver

because he did not explain that any attorney's fees are subject to the court's approval, and that attorney's fees are capped at 25% of the past-due benefits. *Id.* That information was set forth, though, in the Social Security Administration's letter (in January 2007) notifying Ratulowski that she could request the hearing. In any event, an invalid waiver does not require remand if the ALJ adequately developed the record, *id.* at 841-42; *Binion v. Shalala*, 13 F.3d 243, 245-46 (7th Cir. 1994), and we agree with the Commissioner that the ALJ adequately developed the record. The ALJ issued requests for medical records, explained to Ratulowski the importance of detailing any medical problems she had between 1976 and 1978, encouraged her to look at home for more records from that time period, extended her time to submit additional records, and provided her an addressed, stamped envelope in which to return the records.

Ratulowski also challenges the ALJ's conclusion that she was not disabled as a result of her miscarriage. She reiterates that the miscarriage was traumatic, and adds that she suffered flashbacks of seeing the fetus in the jar for a few months. Disability within the meaning of the Social Security Act, however, requires that Ratulowski be unable to work at all for more than a year, *see* 42 U.S.C. § 423(d)(1)(A), and this she has not shown. Nor do her medical records show that the miscarriage caused any lasting medical problems. We will uphold an ALJ's decision if it is supported by substantial evidence, *see Getch v. Astrue*, 539 F.3d 473, 480 (7th Cir. 2008), and here, the ALJ's decision was consistent with the evidence in the record.

AFFIRMED.